UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MIRABILIS VENTURES, INC.,                  Case No.: 6-08-bk-04327-KSJ
                                                       Adv. Pro. No.: 6:08-ap-222-KSJ

Debtor
_____/

MIRABILIS VENTURES, INC.,                  Case No.: 6:09-cv-175-Orl-31DAB

   Plaintiff,

v.

RICHARD E. BERMAN, BERMAN, KEAN
& RIGUERA, P.A., ELENA WILDERMUTH,

   Defendants.

_____/

**<u>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS', BERMAN, BERMAN,
KEAN & RIGUERA, P.A., AND WILDERMUTH, MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

Plaintiff, MIRABILIS VENTURES, INC. ("Plaintiff"), hereby submits this Response in Opposition to Defendants', RICHARD E. BERMAN ("Defendant Berman"), BERMAN, KEAN & RIGUERA, P.A. ("Defendant BKR"), and ELENA WILDERMUTH ("Defendant Wildermuth") (collectively referred to herein as "Defendants"), Motion to Dismiss Plaintiff's Second Amended Complaint ("Amended Complaint"), and in support thereof states the following:

**I.    SUMMARY OVERVIEW**

As provided in the Amended Complaint, this is an action for compensatory damages against the Defendants stemming from their involvement and representation of Plaintiff as to the

legality, treatment, and use of the acquisition of other entities' payroll tax funds that were to be paid to the United States Internal Review Service ("IRS"). The Amended Complaint makes the clear, plain assertion that "Berman and Wildermuth, as attorneys/agents of BKR, provided legal advice and otherwise consulted Mirabilis regarding the legality, treatment and use of the acquisition of other entities' payroll tax funds that were to be paid to the IRS." It must be noted that while the Amended Complaint is the third complaint which has been filed in this litigation, none of the amendments to the complaint have been predicated on the court ruling on previous motions to dismiss. Plaintiff has previously voluntarily agreed to amend the complaint in an attempt to cure technical pleading deficiencies relied upon by Defendants. Accordingly, should this court determine that Plaintiff has failed to properly plead its claim, Plaintiff requests leave of court to amend the Amended Complaint as there have been no prior dismissal on the merits and the preponderance of issues raised by Defendants are technical pleading issues which can be addressed by amendment.

## II. DEFENDANTS HAVE FAILED TO ESTABLISH A BASIS FOR GRANTING THEIR MOTION TO DISMISS

### A. The Standard of Review on a Motion to Dismiss

Given that a motion to dismiss is raised during the pleading stage, before fact finding has been conducted through discovery, the granting of such a motion is looked upon with disfavor by the courts as a drastic remedy. *United States v. CBS, Inc.*, 459 F. Supp. 832, 834 (C.D. Cal 1978) ("pretrial dismissals are highly disfavored, and will only be handed down with extreme prudence and caution."); *Acoustica Associates, Inc. v. Powerton Ultrasonics Corp.*, 28 F.R.D. 16, 18 (E.D.N.Y 1961) ("the Federal Rules of Civil Procedure are designed to discourage battles over mere form of statement," and the Court should strive toward "eliminating needless

controversies which not only delay the trial but also produce no ultimate gain"). The threshold for surviving a motion to dismiss is extremely low. *Haddock v. Board of Dental Examiners of California*, 777 F.2d 462 (9th Cir. 1985) ("a complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory").

Rule 8, Federal Rules of Civil Procedure, simply requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2). The pleading of specific facts is generally unnecessary, as the statement need only give the defendant "fair notice of the claim and grounds upon which it rests." *Erikson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); see also, *Hendrickson v. Popular Mortg. Servicing, Inc.*, 2009 U.S. Dist. LEXIS 43401 (2009) (all that is necessary is a short plain statement of the claim showing that the pleader is entitled to relief). Pursuant to the Federal Rules of Civil Procedure, only certain causes of action must be pled with particularity, and accordingly, the general rule is that the pleading of specific facts is unnecessary. See Fed.R.Civ.P 8, 9. Furthermore, the "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). When considering a motion to dismiss under Rule 12(b)(6), Federal Rule of Civil Procedure, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means the complaint need only

contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the violations alleged. *Id.*

To dismiss a complaint, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. In evaluating a 12(b)(6) motion, the Court should consider whether the total of the allegations, even though individually lacking, are sufficient and not merely whether each individual allegation is sufficient. See *Securities & Exchange Commission v. Yuen*, 221 F.R.D. 631, 633-34 (C.D. Cal. 2004) (internal citations and quotations omitted).

### B.    Defendants' Motion to Dismiss Lacks Merit

The Amended Complaint contains seven separate counts (negligence, breach of fiduciary duty, negligent misrepresentation, professional negligence, negligent supervision, equitable accounting, and turnover). Each count expressly denotes which of the Defendants are sued in that count. In compliance with Rule 8, Federal Rules of Civil Procedure, the Amended Complaint includes a short and plain statement of the claim, specifically as to each count, and alleges that Plaintiff is entitled to relief. In totality, the allegations of the Amended Complaint are sufficient to give the Defendants fair notice of a legally cognizable claim and the grounds upon which the claim, specifically each count of the Amended Complaint, rest. Defendants, in their Motion to Dismiss, allege that: i) the exhibits attached to the Amended Complaint are "wholly inconsistent with its allegations", ii) that Plaintiff fails to properly allege the elements of the claims against Defendants and fails to state a cause of action for all the counts in the Amended Complaint, iii) and that Plaintiff is barred from bringing these causes of action.

i.   **Exhibits Attached to Complaint are Not Inconsistent with the Allegations**

Defendants assert that portions of certain exhibits contradict certain allegations of the Amended Complaint, but in doing so, Defendants fail to address the proper standard for such a review. Specifically, in reviewing exhibits against the allegations of a complaint, there must be "a threshold determination of a 'condition' which only exists when the standards are 'inherently inconsistent' not when the later statement merely clarifies an earlier statement which is ambiguous or confusing on a particular issue." *Flannery v. Recording Industry Association of America*, 359 F. 3d 632, 638 (7th Cir. 2004) (citations omitted). "Credibility and weight are issues of fact for the jury, and we must be careful not to usurp the jury's role. *Id.* In *Flannery* the court found that the exhibits could "infer an inconsistency, but the mere necessity of making that inference confirms that the inconsistency is not inherent." *Id.* At 640.

Here, Defendants seek to grasp at statements which suggest that advice is being provided to non–parties or in which the advice given did not go far enough to support the actions Plaintiff took upon that advice. However, even if one accepts that other parties were also provided advice, which the Amended Complaint actively acknowledges that both parties received advice, the Defendants are asking the Court to infer that because a non-party was given certain bad advice on this subject, Plaintiff could not have been given the same bad advice by Defendants. While such inference defies logic, it is actually unnecessary for the Court to resolve that. The very fact that Defendants attempt to raise this inference demonstrates that the exhibits are not inherently inconsistent with the well-pled allegations. Defendants provide several "examples" of exhibits which purportedly fail to support the allegations in the Amended Complaint. In doing so, they attempt to cause this Court to ignore the source of direct, clear allegations which they do not dispute state valid claims against Defendants. The Defendants are confusing pleading

requirements with proof requirements at trial and asking this Court to evaluate the weight of these exhibits on a motion to dismiss. The exhibits merely support the allegations contained in the Amended Complaint. Each of Defendants' "examples" is incorrect, inaccurate, and/or is asserted in support of a conclusion based on fallacious reasoning. In citing certain allegations, and then in referencing exhibits provided in support of *other* allegations, Defendants confuse the allegations and essentially attempt to tie various allegations to certain exhibits in a piecemeal manner in an effort to falsely establish that the exhibits contradict the allegations in the Amended Complaint. The allegations set forth a cognizable claim, and the exhibits are provided simply in support of Defendants' involvement with Plaintiff and involvement in advising as to the legality, treatment, and use of the acquisition of other entities' payroll tax funds that were to be paid to the IRS. Below, Plaintiff specifically summarizes and explains the inaccuracies of Defendants' "examples" in their Motion.

In their Motion, in an apparent attempt to show that the allegations in Paragraphs 34 and 35 of the Amended Complaint are contradicted by Exhibit "L", Defendants reference language from a portion of Exhibit "L", specifically from an April 19, 2006 email from Paul Glover, Executive Vice-President/Chief Financial Officer of Plaintiff ("Mirabilis' CFO"), to Defendant Berman. Specifically, Defendants point out that the email to Defendant Berman states that Mirabilis' CFO read a memorandum prepared by Defendant Wildermuth containing conclusions as to the likelihood of the IRS imposing liability on Presidion for the payroll taxes of certain entities. Defendants assert that the e-mail "expressly contradicts the assertion [in Paragraphs 34 and 35 of the Amended Complaint] that Defendants advised [Mirabilis] as to its own potential tax liability, stating that this shows the advice was actually given as to Presidion. Defendants utterly ignore the fact that this correspondence is between **Berman and Mirabilis' CFO**

communicating with Mirabilis about another client's liability but did not intend that advice to apply to Mirabilis as well. Even if the Court were willing to make that leap of faith to find an inconsistency, the Court would then have to ignore the very next sentence of that exhibit which described how AEM's factual scenario would equate to that of Presidion. It is alleged in the opening paragraph of the Amended Complaint that this lawsuit involves Defendants' "representation of MVI and its subsidiaries, including but not limited to AEM, Inc." Thus, this e-mail seeks legal advice whether the factual scenario presented in Presidion also applies to the facts that the client (Mirabilis) is describing to its lawyer (Berman) in this e-mail. While one must tip his hat to a lawyer who can paint such a damning exhibit as actually supportive of a defense, that reading makes inferences which are neither logical nor proper on a motion to dismiss.

Further, the exhibit is actually entirely consistent with the allegation for which it was proffered. Paragraph 34 of the Amended Complaint provides that "[o]n April 13, 2005, [Defendants] Berman and Wildermuth sent a tax memorandum discussing and advising whether the IRS is more likely to impose liability for payroll taxes of the Sunshine Companies ('First Tax Memorandum')", and providing that "[a] true and correct copy of the First Tax Memorandum is attached hereto as Exhibit 'D'." The First Tax Memorandum is the document referenced in the April 19, 2006 email, which is part of Exhibit "L" to the Amended Complaint. Paragraph 35 of the Amended Complaint provides that "[b]y this time, it was abundantly clear that Berman was representing the interests of [Plaintiff] in negotiating the PBS Plan and Sunshine Companies Plan", and that "[t]rue and correct copies of the meeting minutes and attendance records of board meetings of Presidion expressly stating that Berman was representing [Plaintiff] is attached hereto as composite Exhibit 'E'." It should be noted that the meeting minutes attached as

7

Exhibit "E" are dated April 21, 2005 and identify Defendant Berman as "Counsel for Mirabilis." Thus, the exhibits clearly support their allegations.

In their Motion, Defendants selectively also reference Exhibit "D", the First Tax Memorandum, and taking out of content the statement that "the issue presented is whether the IRS may impose responsible party liability . . . on Presidion for the alleged tax deficiencies of the Sunshine Entities." Defendants assert that there "is no explanation either in the memo or in the [Amended Complaint] about how this could lead [Plaintiff] to believe that failing to remit collected payroll taxes, by Presidion or anyone else, was permitted under the Internal Revenue Code." Actually, the Amended Complaint plainly alleges that Defendants gave this advice to Presidion about the Sinclire Companies (Amended Complaint paragraph 10 through 17) and then on "drawing upon his knowledge of the common issues of fact and law from the Sunshine Companies Plan . . . Berman begun consulting or otherwise advising Mirabilis and its subsidiaries" as to a similar plan. (Amended Complaint paragraph 32). As such, Defendants' conclusion that the exhibit is "wholly inconsistent" with the allegations of the Amended Complaint is simply inaccurate. The allegations of the Amended Complaint are entirely consistent as they assert this same bad advice was given to Presidion and Mirabilis pointing out exhibits showing this bad advice was given to Presidion does not contradict this statement. Defendants are arguing that Plaintiff's must "prove" their allegations in the attachments to the Amended Complaint, and that is simply not accurate. As provided above, a complaint need only contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the violations alleged. *Twombly*, 550 U.S. at 555. Despite the apparent arguments of Defendants regarding the significance of the content of the exhibits to the Amended Complaint, the exhibits are not provided as "evidence" of the claim asserted.

Finally, Defendants assert that Exhibit "D," which Plaintiff contends is "[a] true and correct copy of the First Tax Memorandum", is incomplete, and "should not be considered by this Court in ruling on this Motion to Dismiss." In support of this assertion, Defendants cite *Lugue v. Hercules, Inc.*, 12 F. Supp. 2d 1351, 1355 (S.D. Ga. 1977), providing that "documents and exhibits provided to support a motion for **summary judgment** must be complete." Defendants assert that the standard "should extend" to documents attached to the Amended Complaint. Defendants do not cite any basis of case law for this unparalleled heightened pleading standard. To the extent that Defendants are asserting that simply because only a portion of a document is attached as an exhibit to the Amended Complaint, the Amended Complaint should be dismissed, Defendants' assertions are completely without merit.

    ii.    **Plaintiff Properly Alleges the Elements of the Claims against Defendants**

In their Motion, Defendants assert that Counts I through V [negligence, breach of fiduciary duty, negligent misrepresentation, professional negligence, and negligent supervision] of the Amended Complaint are "multiple and redundant claims for professional negligence," and that Plaintiff fails to adequately plead the specific elements of legal malpractice. In so asserting, Defendants provide that in order to properly plead legal malpractice, a plaintiff must allege: 1) the plaintiff's employment of the attorney to provide legal services; 2) the attorney's neglect of a reasonable duty; and 3) the attorney's negligence as the proximate cause of the loss to the plaintiff.

Defendants are wrong in asserting that claims for negligence, breach of fiduciary duty, negligent misrepresentation, professional negligence, and negligent supervision are redundant claims for professional negligence. While each of the claims is based on the same attorney-client relationship between Defendants and Plaintiff, each claim is a separate and distinct legally

cognizable cause of action. *See, Resolution Trust Corp. v. Holland & Knight*, 832 F.Supp. 1528, 1530 (S.D. Fla. 1993) (holding that legal malpractice claim and fiduciary duty claims against a law firm are separate and distinct causes of action). Also, Defendants' assertion that Plaintiff fails to adequately plead the specific elements of legal malpractice is false. Specifically, in their Motion, Defendants assert that the Amended Complaint fails to state a claim because it fails to allege: that Plaintiff retained Defendants to render advice regarding prospective diversion of payroll taxes, what Defendants were specifically hired to do, and that Defendants were the proximate cause of Plaintiff's damages. While citing case law, and making statements as to the "rambling" nature of the Amended Complaint, in their Motion, Defendants wholly ignore Plaintiff's specific allegations as to each cause of action.

Defendants' assertions that Plaintiff fails to allege that Plaintiff retained Defendants to render legal advice is simply not accurate. The Defendants conveniently ignore the initial paragraph of the complaint which states "Berman and Wildermuth, as attorneys/agents of BKR, provided legal advice and otherwise consulted Mirabilis regarding the legality, treatment and use of the acquisition of other entities' payroll tax funds that were to be paid to the IRS. BKR failed to properly supervise the activity of Berman and Wildermuth. Due to Berman, Wildermuth and BKR's actions and inactions Mirabilis has sustained damages and is seeking compensation from the Defendant regarding same." This is a concise statement of the claim and specifically alleges the nature of the Defendant's employment and that Defendants' action caused Plaintiffs damages. Defendants are dismissive of Plaintiff's allegations in the Amended Complaint that "[Defendant] Berman began consulting or otherwise advising Plaintiff" and therefore "an attorney-client relationship existed", and that "it was abundantly clear that [Defendant] Berman was representing the interests of [Plaintiff] in negotiating the PBS Plan and Sunshine Companies

Plan." Defendants assert that "nowhere does the [Amended] Complaint allege that Plaintiff retained Defendants to evaluate the propriety of failing to remit collected payroll taxes by Plaintiff." By so asserting, Defendants fail to acknowledge the allegations in Paragraph 23 and 24 of the Amended Complaint providing that the PBS Plan would be utilized by Plaintiff to acquire and rehabilitate the Presidion PEO book of business, and that a "key element of the reorganization plan called for the interim nonpayment of federal employment taxes . . ." Additionally, this again ignores the allegations of the initial paragraph that they were consulted "regarding the legality, treatment and use of the acquisition of other entities payroll tax funds . . . ."A review of these allegations in the Amended Complaint, together with the allegations regarding Defendant Berman's representation of the interest of Plaintiff in negotiating the PBS Plan and Sunshine Companies Plan, establish the capacity in which Defendants represented Plaintiff. In their Motion, Defendants seem to allege that no attorney-client relationship even existed between Defendants and Plaintiff. Again, Defendants conveniently ignore the allegations contained in the first paragraph and in Paragraph 47 of the Amended Complaint pertaining to Defendant BKR invoicing Plaintiff and Plaintiff paying over One Million Dollars to Defendant BKR in legal fees, Exhibit "L", the memo from Mirabilis CFO to Berman regarding this matter, and Exhibit "E", the meeting minutes which list Berman as "counsel for Mirabilis."

Defendants further allege that Plaintiff, in the Amended Complaint, fails to properly allege Defendants' neglect of a reasonable duty. Defendants assert that in stating a claim for professional malpractice it is not sufficient to merely assert a professional relationship between a plaintiff and a defendant, but rather it is essential to allege the relationship existed with respect to the acts or omissions upon which the malpractice claim is based. (citing *Maillard v. Dowdell*, 528 So. 2d 512, 514 (Fla. 3d DCA 1988) and *Kates v. Robinson*, 786 So. 2d 61, 64 (Fla. 4th

11

DCA 2001). Specifically, in their Motion, Defendants ignore the allegation in the first paragraph and in Paragraph 61 of the Amended Complaint (regarding the negligence cause of action) alleging "Defendants failure to advise [Plaintiff] . . .that the Sunshine Companies Plan, PBS Plan and [Plaintiffs'] operations could result in criminal and civil liability for [Plaintiff]". Defendants also ignore the allegations in Paragraph 65 of the Amended Complaint (regarding the breach of fiduciary duty cause of action) alleging "Defendants breached their fiduciary duties to [Plaintiff] . . . by virtue of their conduct . . . particularly, Defendants each failed to advise [Plaintiff] that entities with the authority to exercise significant control over the financial affairs of a company have a statutory duty to collect, withhold, truthfully account for, and pay over payroll 'trust fund' taxes and that failure to intervene to stop and/or mitigate the nonpayment of collected payroll 'trust fund' taxes collected could result in significant liability, particularly criminal liability, despite multiple requests from [Plaintiff] as to the potential consequences of the Sunshine Companies Plan, PBS Plan and [Plaintiffs'] operations." In their Motion, Defendants also ignore the allegations in Paragraph 70 of the Amended Complaint (regarding the negligent misrepresentation cause of action) alleging "Defendants owed [Plaintiff] . . . a duty of reasonable care, skill, and diligence to ensure that all of the information supplied and representations and statements made to or on behalf of [Plaintiff] . . . were true and accurate." Defendants also ignore the allegations in Paragraph 77 of the Amended Complaint (regarding professional negligence) that "Defendants owed a duty to [Plaintiff] . . . to exercise reasonable care, skill, and diligence in order to ensure that all of the information obtained and supplied to [Plaintiff] . . . was true and accurate." Finally, Defendants, in their Motion, also ignore the allegations in Paragraph 82 of the Amended Complaint (regarding negligent supervision) that "[Defendant] BKR owed [Plaintiff] . . . a duty to use reasonable care in supervising the conduct and activities

of [Defendant] Berman and [Defendant] Wildermuth in connection with their representation of [Plaintiff] . . ."

In asserting that Plaintiff failed to properly allege the attorney's negligence as the proximate cause of the loss to the plaintiff, Defendants cite *In re Parmalat Securities Litigation*, 501 F. Supp. 2d 560 (S.D.N.Y. 2007) for the proposition that a complaint will be dismissed if Defendants could not possibly have foreseen the damage which plaintiffs allegedly incurred. Defendants assert that "there is no exhibit attached to the [Amended] [c]omplaint which supports the claim that the Defendants advised that it was acceptable not to pay collected payroll taxes to the IRS." There is no requirement that Plaintiff "prove" the claim with exhibits in the pleading state. It is absurd that the Defendants require that the Plaintiff prove its case at the pleading state through exhibits and Defendants baseless requirement that would obligate the Plaintiff to do so. Again, Defendants appear fixated on their subjective reading of the exhibits to the Amended Complaint, rather than on the allegations of the Amended Complaint. Notable, Defendants ignore Plaintiff's allegations in the first paragraph which states "Due to Berman, Wildermuth and BKR's action and inactions Mirabilis has sustained damages and is seeking compensation from the Defendants regarding the same." Further, in Paragraph 62 of the Amended Complaint (regarding the negligence cause of action) that "[a]s a direct and proximate result of the Defendants' negligence, [Plaintiff] . . . suffered damage to [its] business, property, as well as its creditors . . ." Defendants also ignore Plaintiff's allegations in Paragraph 66 of the Amended Complaint (regarding the breach of fiduciary duty cause of action) that "[a]s a direct and proximate result of Defendants' breach of fiduciary duties, [Plaintiff] . . .[has] been damages in [its] business and property . . ." Defendants also ignore Plaintiff's allegations in Paragraph 73 of the Amended Complaint (regarding the negligent misrepresentation cause of action) that "[a]s a

13

direct and proximate result of the negligent misrepresentations made by Defendants, [Plaintiff] . . . [has] suffered damages to [its] business and property . . ." Defendants also ignore Plaintiff's allegations in Paragraph 79 of the Amended Complaint (regarding professional negligence) that "[a]s a direct and proximate result of the professional negligence of Defendants, [Plaintiff] . . . suffered damages to [its] business and property . . ." Finally, Defendants also ignore Plaintiff's allegations in Paragraph 85 of the Amended Complaint (regarding negligent supervision) that "[a]s a direct and proximate result of this breach, [Plaintiff] . . . suffered damages to [its] business and property . . ."

In their Motion, Defendants also assert that Count III, the negligent misrepresentation claim, fails to comply with the requirements of Federal Rule of Civil Procedure 9(b), which requires that claims for fraud be pled with particularity. Defendants acknowledge that Plaintiff in Paragraph 69 of the Amended Complaint provides that Plaintiff's claim for negligent misrepresentation alleges that "Defendants knew, or should have known, that [Plaintiff] . . . [was] relying on the information supplied and representations and statements made by Defendants . . ." Defendants also acknowledge that Plaintiff in Paragraph 72 of the Amended Complaint provides that "Defendants breached their duty by making material negligent misrepresentation and omissions described above . . ." Defendants assert that Plaintiff must, but did not, provide the specific names of the individuals involved in the fraud and should provide details regarding the time and place of the alleged fraud, and that given Plaintiff's failure to include such allegations in the Amended Complaint, Plaintiff fails to state a claim which satisfies the requirements of Rule 9(b). Of course, the Complaint itself identifies the two lawyers who gave the negligent statements. However, in so asserting, Defendants also ignore the previous specific allegations in the Amended Complaint which Plaintiff properly re-alleges and re-states

14

in Paragraph 67 of the Amended Complaint (in the cause of action for negligent misrepresentation). As provided in Paragraphs 7 and 8 of the Amended Complaint, Plaintiff specifically identifies Defendant Berman and Defendant Wildermuth as the individuals whose "acts, representation, and omissions" are addressed in the Amended Complaint. In Paragraph 32 of the Amended Complaint, Plaintiff alleges that "[o]n December 21, 2004 . . .[Defendant] Berman began consulting or otherwise advising [Plaintiff] . . ." Plaintiff further specifically alleges in Paragraph 45 of the Amended Complaint that "on July 13, 2006, [Defendant] Berman took the initiative to provide redline comments and responses to the IRS regarding the legality of the PBS Plan and its effect on [Plaintiff] . . ." Plaintiff also specifically alleges in Paragraph 45 of the Amended Complaint that "[o]n November 2, 2006, [Defendant] Wildermuth sent a memorandum of law to [Plaintiff] discussing the limit of its tax obligation under the PBS Plan." These specific allegations, read with the other allegations in Count III of the Amended Complaint, provide the specific names of the individuals involved in the negligent misrepresentations and the details regarding the time and place of the alleged misrepresentations.

In their Motion, defendants also allege that Count V of the Amended Complaint (regarding the negligent supervision cause of action), is not pled properly as Plaintiff fails to allege a specific factual basis for the conclusions that Defendant BKR had a duty to supervise Defendant Berman and Defendant Wildermuth.

Defendants take the preposterous position that there is no factual basis that BKR received actual or constructive notice of problems with Berman or Wildermuth. Of course, BKR stands for Berman, Kean and Riguera, P.A. Thus, Defendants ask this Court for some proof that Berman's firm knew what Berman was doing. While creative, such argument is also frivolous. Also, Defendants ignore the previous allegations in the Amended Complaint which Plaintiff

15

properly re-alleges and re-states in Paragraph 80 of the Amended Complaint (in the cause of action for negligent supervision). Specifically, Defendants ignore Plaintiff's allegations in Paragraphs 7 and 8 of the Amended Complaint providing that Defendant Berman's and Defendant Wildermuth's "acts, representations, and omissions alleged herein were made within the course and scope of [their] agency with [Defendant] BKR." Accordingly, these allegations as to agency, in conjunction with the allegations in Count V of the Amended Complaint (regarding the negligent supervision cause of action), establish the specific factual basis for the conclusions that Defendant BKR had a duty to supervise Defendants Berman and Wildermuth.

Defendants also assert that Plaintiff failed to join one or more indispensable parties under Rule 19, Federal Rules of Civil Procedure. In support of this assertion, Defendants state that throughout the Amended Complaint "reference is made as to the advice of 'other professionals' allegedly relied upon by [Plaintiffs] and a variety of other entities and persons." Defendants also note that the "other professionals", "subsidiaries", "related companies", and "creditors" referred to in the Amended Complaint are not, but should be, named as parties. Defendants' assertions are not founded, and Plaintiff provides that just because entities other than Defendants and Plaintiffs are mentioned in the Amended Complaint, it is not mandated that such entities be made parties to this litigation. As stated in the Amended Complaint, this "is an action for compensatory damages against the Defendants stemming from their involvement and representation of [Plaintiff] . . . ."

      iii.     **Plaintiff is Seeking its Own Damages**

Defendants assert that Plaintiff's Complaint should be dismissed because Plaintiff is seeking damages suffered to its subsidiary. To open their motion to dismiss, Defendants recite with apparent glee how Mirabilis has been indicted for following this scheme which the

Complaint alleges was cooked up by the Defendants. The Amended Complaint further alleges wrong advice "destroyed the operation of Mirabilis" (Amended Complaint paragraph 52). While Defendants seem to believe that when an attorney's advice gets his client indicted and bankrupt that such damages are insufficient for a Complaint, the undersigned submits that such is an issue for a jury. Mirabilis has ample damages in its own right that it has brought and will not solely rely upon the destructive effects on its subsidiaries of Defendants' poor counsel.

### iv. Plaintiff is Not Barred from Bringing this Claim

Lastly, Defendants assert that Plaintiff's claims are barred based on the imputation defense, by collateral estoppel, and by the doctrine of *in pari delicto*. Due to the fact that on a motion to dismiss the Court must accept as true all material allegations of the complaint and cannot look beyond the four corners of the complaint in making a determination, each of Defendants' assertions are with merit. They rely upon allegations of criminal conduct and facts posited for the first time in the motion to dismiss.

Defendants specifically assert that Plaintiff's claims are barred based on the "imputation defense." In references the "imputation defense," Defendants cite *Seidman & Seidman v. Gee*, 625 So. 2d 1 (Fla. 3d DCA 1982), providing that "where a corporate officer's fraud intended to and did benefit the corporation, to the determent of outsiders, the fraud is imputed to the corporation and is an absolute defense to the corporation's action against its accounting firm for negligent failure to discover fraud." It appears that the *Seidman* decision is very fact-specific, and that the determinative factor in the case was that the corporation was actually suing a third party for negligent failure to discover fraud. Regardless of the limitations in the "imputation defense," and the fact that motions to dismiss are limited to four corners of the complaint, Defendants, in their Motion, proceed to discuss alleged details as to the conviction of

"[Plaintiff's] principal, Frank Amodeo" for "stealing . . .for the benefit of himself and [Plaintiff]. . ." Given that none of those facts are alleged in the complaint, Defendants' assertions go well beyond the four corners of the complaint, and arguably beyond the fact-specific case cited.

Further, as alleged in the Amended Complaint, it is Defendants' legal advice that caused the conduct of the Plaintiff. Defendants' advised that this was legal. If there is any fraud, Defendant's advice <u>caused</u> the fraud. Defendants' interpretation of this defense would immunize all legal advice where the wrong advice led to a criminal count. That is an absurd result.

Defendants also specifically assert that Plaintiff's claims are barred by collateral estoppel in that a "defendant who is convicted in a criminal trial from contesting this conviction in a subsequent civil action with respect to issues necessarily decided in the criminal trial." Defendants assertions are without merit. Defendants again go beyond the four corners of the Amended Complaint and discuss alleged details as to the conviction of Amodeo. Defendants assert that Plaintiff is estopped from "denying that Amodeo knowingly and willfully violate the criminal tax code and from attempting to blame Defendants for Amodeo's conduct . . ." Defendants assertions are ridiculous, as Plaintiff is a corporation, and is not Amodeo, who allegedly was subject to a criminal trial. Regardless, Defendants improperly go beyond the four corners of the complaint in making these assertions in their Motion. Accordingly, Defendants' assertions are without merit.

Defendants also specifically assert that Plaintiff is precluded from making the claims alleged in the Amended Complaint by the *in pari delicto* defense. In their Motion, Defendants state that the "essence of its allegations is not just that it received incorrect or improper legal advise but that the Defendants allegedly knew about scheme to illegally defraud and steal payroll taxes." Defendants' assertions are baseless. First, the essence of the allegations is that

Defendants made negligent representations to Plaintiff as to the legality, treatment, and use of the acquisition of other entities' payroll tax funds that were to be paid to the IRS. Plaintiff's Amended Complaint is not based on some "scheme to defraud." Again, Defendants bring up allegations regarding Amodeo's conviction and other allegations which go well beyond the four corners of the Amended Complaint. Accordingly, Defendants' assertions are without merit.

## III. CONCLUSION

Based on the foregoing, Plaintiff submits that Defendants' Motion to Dismiss is without merit. Accordingly, Defendants' Motion should be denied. Alternatively, should the court determine that the Motion to Dismiss is credible as to any asserted claim, then Plaintiff respectfully requests leave to amend.

BROAD AND CASSEL
Counsel for Mirabilis Ventures, Inc.
390 North Orange Avenue
Suite 1400
Orlando, Florida 32801
P.O. Box 4961
Orlando, Florida 32802
Phone: (407) 839-4200
Fax: (407) 650-0927

/s/ Todd K. Norman

Todd K. Norman
Florida Bar No. 62154
tnorman@broadandcassel.com

AND

>Co-counsel for Mirabilis Ventures, Inc.
>Robert C. Widman, P.A.
>Morris & Widman, P.A.
>245 Tamiami Trail North St. East
>Venice, FL 34285-1916
>Florida Bar No.: 170014
>widman48@mwk-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of December, 2009, a true and correct copy of the foregoing has been furnished by the Court's electronic notification system, to D. David Keller, Esquire, Keller Landsberg PA, One Financial Plaza, Suite 1050, 100 Southeast Third Avenue, Fort Lauderdale, Florida 33394 and Bradley M. Saxton, Esquire, Winderweedle, Haines, Ward & Woodman, P.A., Post Office Box 1391, Orlando, Florida 32802-1391.

>/s/TODD K. NORMAN
>TODD K. NORMAN