UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re: MIRABILIS VENTURES, INC.,                    Bankruptcy Case No. 6:08-bk-4327-KSJ
                                                     Adv. Pro. No.  6:08-ap-222-KSJ
                Debtor

_____/


MIRABILIS VENTURES, INC.                            Case No.: 6:09-cv-175-Orl-31DAB

                Plaintiff,

v.

RICHARD E. BERMAN, BERMAN, KEAN &
RIGUERA, P.A., ELENA WILDERMUTH,

                Defendants.

_____/

**DEFENDANTS, RICHARD E. BERMAN, BERMAN, KEAN & RIGUERA, P.A., AND
ELENA WILDERMUTH'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTS I,
II, IV, AND V OF PLAINTIFF MIRABILIS VENTURES, INC.'S THIRD AMENDED
COMPLAINT, AND MOTION TO DISMISS COUNT III AND MEMORANDUM OF
LAW IN SUPPORT**

        Defendants, RICHARD E. BERMAN ("Berman"), BERMAN, KEAN & RIGUERA, P.A.

("BKR"), and ELENA WILDERMUTH ("Wildermuth") (collectively "Defendants") by and through

their undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby file this

Answer and Affirmative Defenses to Counts I, II, IV, and V of Plaintiff, MIRABILIS VENTURES,

INC.'s ("Plaintiff" or "Mirabilis") Third Amended Complaint and  Motion to Dismiss Count III and

in support thereof state as follows:

## I.    INTRODUCTION

        Mirabilis's Complaint seeks relief against Defendants for alleged legal malpractice in

connection with purported advice regarding an illegal scheme by Mirabilis and its principal, Frank

K E L L E R   L A N D S B E R G   P A

O N E   F I N A N C I A L   P L A Z A ,   1 0 0   S E   T H I R D   A V E N U E ,   S U I T E   1 0 5 0 ,   F O R T   L A U D E R D A L E ,   F L   3 3 3 9 4 ,   9 5 4 . 7 6 1 . 3 5 5 0

Amodeo ("Amodeo") to steal over $180 million in federal payroll tax withholding trust funds. On November 9, 2009, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint [D.E. 32]. On January 27, 2010, the Court entered an Order dismissing Counts III and V for negligent misrepresentation and negligent supervision, respectively, but denying Defendants' Motion to Dismiss as to all other counts [D.E. 47]. A copy of the Order is attached as Exhibit A.

Plaintiff has now filed a Third Amended Complaint in which it has asserted counts for professional negligence (Count I), breach of fiduciary duty (Count II), negligent supervision (Count III), accounting (Count IV), and a new count for conversion (Count V) [D.E. 52]. Additionally, Plaintiff is seeking the additional damage claim of "forfeiture and disgorgement of all payments and benefits received by [Defendants] from Mirabilis and its related entities." Defendants will be answering the claims of professional negligence, breach of fiduciary duty, accounting, and conversion. However, Plaintiff's cause of action for negligent supervision (Count III) is substantially similar to the previously dismissed negligent supervision claim in the Second Amended Complaint and still fails to state a cause of action. Therefore, it is subject to dismissal as a matter of law.

## II.   ANSWER

### Jurisdiction and Venue

1.     Defendants admit that the United States Bankruptcy Court for the Middle District of Florida had original subject matter over the original adversary proceedings without specifically admitting the applicability of Titles 11 and 28 of the United States Code, and further state that except for the fact that Mirabilis Ventures, Inc. is in bankruptcy, the case would not otherwise be subject to federal jurisdiction.

2.     Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Third Amended Complaint.

K E L L E R   L A N D S B E R G   P A

ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

3.      Defendants admit that this Court has personal jurisdiction and that Defendant BKR is a professional association and that BKR's principal place of business is in Broward County, Florida. Defendants deny jurisdiction as conferred under 18 U.S.C. §1965(d) as alleged.

4.      Defendants admit that the venue is proper.

5.      Defendants admit that this is a non-core proceeding.

**The parties and other relevant entities**

6.      Defendants admit that Plaintiff is a Nevada corporation with its principal place of business in Maitland, Florida.

7.      Defendants admit that BKR is a law firm located in Broward County, Florida. Defendants deny that BKR is "a full service law firm" and is doing business throughout Florida, although its practice is not solely limited to Broward County.

8.      Defendants admit that Berman is a resident of Florida and an attorney licensed to practice law in the State of Florida. Defendants further admit that Berman was an agent for the BKR firm in connection with any legal representation of Plaintiff.  Defendants deny that all actions by Berman were performed within the course and scope of his employment with BKR.  Defendants deny that BKR is liable for all acts, representations or omissions made by Berman in connection with the alleged representation of Mirabilis or any other companies or subsidiaries whether or not named in the Third Amended Complaint, and demand strict proof thereof.

9.      Defendants admit that Wildermuth is a resident of Florida and licensed to practice law in the State of Florida.  Defendants further admit that Wildermuth was an agent for the BKR firm in connection with any legal representation of Plaintiff.  Defendants deny that BKR is liable for all actions of Wildermuth in connection with her representation of Mirabilis or any related companies or subsidiaries whether named in the Third Amended Complaint or not and demand strict

3

proof thereof.

10.     Defendants deny that all conditions precedent to bringing this suit have occurred, and further that any performance has been waived.

**The Sunshine Companies**

11.     Defendants are without personal knowledge as to the allegations contained in paragraph 11 and therefore deny same and demand strict proof thereof.

12.     Defendants are without personal knowledge as to the allegations contained in paragraph 12 and therefore deny same and demand strict proof thereof.

13.     Defendants are without personal knowledge as to the allegations contained in paragraph 13 and therefore deny same and demand strict proof thereof.

14.     Defendants are without personal knowledge as to the allegations contained in paragraph 14 and therefore deny same and demand strict proof thereof.

15.     Defendants are without personal knowledge as to the allegations contained in paragraph 15 and therefore deny same and demand strict proof thereof.

16.     Defendants are without personal knowledge as to the allegations contained in paragraph 16 and therefore deny same and demand strict proof thereof.

17.     Defendants are without personal knowledge as to the allegations contained in paragraph 17 and therefore deny same and demand strict proof thereof.

**The Presidion Reorganization Plan and Mirabilis Ventures, Inc.**

18.     Defendants are without personal knowledge as to the allegations contained in paragraph 18 and therefore deny same and demand strict proof thereof.

19.     Defendants are without personal knowledge as to the allegations contained in paragraph 19 and therefore deny same and demand strict proof thereof.

4

K E L L E R   L A N D S B E R G   P A

O N E   F I N A N C I A L   P L A Z A ,   1 0 0   S E   T H I R D   A V E N U E ,   S U I T E   1 0 5 0 ,   F O R T   L A U D E R D A L E ,   F L   3 3 3 9 4 ,   9 5 4 . 7 6 1 . 3 5 5 0

20.     Defendants are without personal knowledge as to the allegations contained in paragraph 20 and therefore deny same and demand strict proof thereof.

21.     Defendants are without personal knowledge as to the allegations contained in paragraph 21 and therefore deny same and demand strict proof thereof.

22.     Defendants are without personal knowledge as to the allegations contained in paragraph 22 and therefore deny same and demand strict proof thereof.

23.     Defendants are without personal knowledge as to the allegations contained in paragraph 23 and therefore deny same and demand strict proof thereof.

24.     Defendants are without personal knowledge as to the allegations contained in paragraph 24 and therefore deny same and demand strict proof thereof.

25.     Defendants are without personal knowledge as to the allegations contained in paragraph 25 and therefore deny same and demand strict proof thereof.

26.     Defendants are without personal knowledge as to the allegations contained in paragraph 26 and therefore deny same and demand strict proof thereof.

27.     Defendants are without personal knowledge as to the allegations contained in paragraph 27 and therefore deny same and demand strict proof thereof.

28.     Defendants are without personal knowledge as to the allegations contained in paragraph 28 and therefore deny same and demand strict proof thereof.

**Retention and Involvement of Richard Berman and Elena Wildermuth by Mirabilis Ventures, Inc. and its Subsidiaries and the Approval of the PBS Plan**

29.     Defendants admit that Berman and Wildermuth were employed by BKR for all times relevant to this Third Amended Complaint.

30.     Defendants deny the allegations contained in paragraph 30 and demand strict proof

K E L L E R   L A N D S B E R G   P A

ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

thereof.

31.     Defendants deny the allegations contained in paragraph 31 and demand strict proof thereof.

32.     Defendants deny the allegations contained in paragraph 32 and demand strict proof thereof. Exhibits "A" and "B" speak for themselves and Defendants reserve all objections to same.

33.     With respect to the allegations contained in paragraph 33, Defendants admit providing a memorandum to Frank Amodeo or his designee on or about April 13, 2005, but deny the remaining allegations of paragraph 33 and demand strict proof thereof. Exhibit "C" speaks for itself and Defendants reserve all objections to same.

34.     Defendants deny the allegations contained in paragraph 34 and demand strict proof thereof.  Exhibit "D" speaks for itself and Defendants reserve all objections to same.

35.     Defendants deny the allegations contained in paragraph 35 and demand strict proof thereof.  Exhibit "E" speaks for itself and Defendants reserve all objections to same.

36.     Defendants deny the allegations contained in paragraph 36 and demand strict proof thereof.

37.     Defendants deny the allegations contained in paragraph 37 and demand strict proof thereof.  Exhibit "F" speaks for itself and Defendants reserve all objections to same.

38.     Defendants deny the allegations contained in paragraph 38 and demand strict proof thereof.  Exhibit "G" speaks for itself and Defendants reserve all objections to same.

39.     Defendants admit that Berman became an officer of Mirabilis. Defendants deny the remaining allegations contained in paragraph 39 and demand strict proof thereof. Exhibit "H" speaks for itself and Defendants reserve all objections to same.

40.     Defendants deny the allegations contained in paragraph 40 and demand strict proof

K E L L E R   L A N D S B E R G   P A

ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

thereof.

41.     Defendants deny the allegations contained in paragraph 41 and demand strict proof thereof.  Exhibit "I" speaks for itself and Defendants reserve all objections to same.

42.     Defendants deny the allegations contained in paragraph 42 and demand strict proof thereof.

43.     Defendants are without knowledge as to the allegations contained in paragraph 43 and therefore deny same and demand strict proof thereof.

44.     Defendants deny the allegations contained in paragraph 44 and demand strict proof thereof.

45.     Defendants deny the allegations contained in paragraph 45 and demand strict proof thereof.

46.     Defendants deny the allegations contained in paragraph 46 and demand strict proof thereof.  Exhibit "J" speaks for itself and Defendants reserve all objections to same.

47.     Defendants deny the allegations contained in paragraph 47 and demand strict proof thereof.  Exhibit "K" speaks for itself and Defendants reserve all objections to same.

48.     Defendants admit the allegations contained in paragraph 48.  Exhibit "L" speaks for itself and Defendants reserve all objections to same.

### The United States of America's Civil Forfeiture Action Against Mirabilis

49.     Defendants are without personal knowledge as to the allegations contained in paragraph 49 and therefore deny same and demand strict proof thereof.

50.     Defendants are without personal knowledge as to the allegations contained in paragraph 50 and therefore deny same and demand strict proof thereof.

51.     Defendants are without personal knowledge as to the allegations contained in

KELLER LANDSBERG PA

ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

paragraph 51 and therefore deny same and demand strict proof thereof.

52.     Defendants are without personal knowledge as to the allegations contained in paragraph 52 and therefore deny same and demand strict proof thereof.

53.     Defendants are without personal knowledge as to the allegations contained in paragraph 53 and therefore deny same and demand strict proof thereof.

54.     Defendants are without personal knowledge as to the allegations contained in paragraph 54 and therefore deny same and demand strict proof thereof.

55.     Defendants admit the allegations contained in paragraph 55 of the Third Amended Complaint.

56.     Defendants are without personal knowledge as to the allegations contained in paragraph 56 and therefore deny same and demand strict proof thereof.

57.     Defendants are without personal knowledge as to the allegations contained in paragraph 57 and therefore deny same and demand strict proof thereof.

**Count I-Professional Negligence (All Defendants)**

58.     Defendants repeat and reallege each and every allegation set forth in paragraphs 1 though 57 as if specifically set forth herein.

59.     Defendants admit that Plaintiff has alleged a claim of professional negligence, but deny any professional negligence, and further deny that any acts errors or omissions on their part caused or contributed to any recoverable damages.

60.     Defendants deny the allegations contained in paragraph 60 and demand strict proof thereof.

K E L L E R   L A N D S B E R G   P A

ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

61.     Defendants admit that they owed a duty of reasonable care to Mirabilis Ventures, Inc. with respect to matters in which they were engaged and for the specific scope of their engagement. Defendants deny the remaining allegations contained in paragraph 61 in accordance with responses to prior paragraphs above.

62.     Defendants admit that they owed a duty of reasonable care to Mirabilis Ventures, Inc. with respect to matters in which they were engaged and for the specific scope of their engagement. Defendants expressly deny that any information supplied or representations made to Mirabilis were not true and accurate and demand strict proof thereof.  Defendants deny the remainder of the allegations contained in paragraph 62 and demand strict proof thereof.

63.     Defendants deny the allegations contained in paragraph 63 and demand strict proof thereof.

64.     Defendants deny the allegations contained in paragraph 64 and demand strict proof thereof.

65.     Defendants deny the allegations contained in paragraph 65 and demand strict proof thereof.

66.     Defendants deny the allegations contained in paragraph 66 and demand strict proof thereof.

**Count II-Breach of Fiduciary Duty (All Defendants)**

67.     Defendants repeat and reallege each and every allegation set forth in paragraphs 1 though 66 as if specifically set forth herein.

68.     Defendants admit that an attorney-client relationship existed with Mirabilis Ventures,

K E L L E R   L A N D S B E R G   P A

ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

Inc. with respect to certain transactions, and possibly with certain other entities for certain matters and for specific engagements on those matters. However, Defendants deny the allegation of unspecified relationships with unidentified "subsidiaries and related companies" without further specificity and demand strict proof thereof. Defendants deny the remaining allegations contained in paragraph 68 and demand strict proof thereof.

69.     Defendants deny the allegations contained in paragraph 69 and demand strict proof thereof.

70.     Defendants deny the allegations contained in paragraph 70 and demand strict proof thereof.

71.     Defendants deny the allegations contained in paragraph 71 and demand strict proof thereof.

**Count III-Negligent Supervision (Against BKR)**

72.-80. Defendants are moving to dismiss Count III for negligent supervision and therefore refer the Court to the incorporated Motion to Dismiss set forth below.

**Count IV-Accounting (All Defendants)**

81.     Defendants repeat and reallege each and every allegation set forth in paragraphs 1 though 80 as if specifically set forth herein.

82.     Defendants admit that the Plaintiff seeks equitable accounting but deny the remaining allegations set forth in paragraph 82 and demand strict proof thereof.

83.     Defendants admit that an attorney-client relationship existed with Mirabilis Ventures, Inc. with respect to certain transactions, and possibly with certain other entities for certain matters

K E L L E R   L A N D S B E R G   P A
ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

and for specific engagements on those matters.  However, Defendants deny the allegation of unspecified relationships with unidentified "subsidiaries and related companies" without further specificity and demand strict proof thereof. Defendants deny the remaining allegations contained in paragraph 83 and demand strict proof thereof.

84.    Defendants deny the allegations contained in paragraph 84, although Defendants admit that certain monies were placed in Defendant Berman, Kean & Riguera's Trust Account and were disbursed in accordance with client instructions as directed.   The Defendants deny they undertook to "manage" the trust funds deposited with Berman, Kean & Riguera by Mirabilis Ventures, Inc. or any related entities or parties, except to disburse those funds in accordance with client directions, and in some cases, corresponding closing statements on various transactions entered into by the Plaintiff, its duly authorized representatives and agents, or related parties.

85.    Defendants admit that Mirabilis has made requests for accounting of the Trust Account deposits, and further allege that they complied with those requests and provided such accountings on prior occasions.  Defendants deny that they "have failed and continue to fail to provide same."

86.    Defendants deny the allegations contained in paragraph 86 and demand strict proof thereof.

87.    Defendants deny the allegations contained in paragraph 87 and demand strict proof thereof.

88.    Defendants deny the allegations contained in paragraph 88 and demand strict proof thereof.

K E L L E R   L A N D S B E R G   P A

ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

**Count V-Conversion (BKR)**

89.     Defendants repeat and reallege each and every allegation set forth in paragraphs 1 though 88 as if specifically set forth herein.

90.     Defendants admit that Plaintiff has alleged a claim for conversion against the Defendants, but deny any conversion on their part.

91.     Defendants deny the allegations contained in paragraph 91 and demand strict proof thereof.

92.     Defendants deny the allegations contained in paragraph 92 and demand strict proof thereof.

93.     Defendants deny the allegations contained in paragraph 93 and demand strict proof thereof.  Defendants admit that Mirabilis has made requests for accounting of the Trust Account deposits, and further allege that they complied with those requests and provided such accountings on prior occasions.

94.     Defendants deny the allegations contained in paragraph 94 and demand strict proof thereof.

95.     Paragraph 95 requires no response, but Defendants deny holding any escrow funds for Mirabilis.

**III.    AFFIRMATIVE DEFENSES**

1.     As a First Affirmative Defense, Defendants state that Plaintiff's recovery is barred by the imputation defense pursuant to *Seidman & Seidman v. Gee*, 625 So. 2d 1 (Fla. 3d DCA 1982).

2.     As a Second Affirmative Defense, Defendants state that Plaintiff's action is barred

K E L L E R   L A N D S B E R G   P A
ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

by the doctrines of judicial and/or collateral estoppel, and by *res judicata*. *See Butler v. Mooers*, 771 A.2d 1034 (Me. 2001); *Allen v. Martin*, 203 P.3d 546 (Colo. Ct. App. 2008).

3.     As a Third Affirmative Defense, Defendants state that Plaintiff's claims are barred by the doctrine of *in pari delicto*. *See Turner v. Anderson*, 704 So. 2d 748, 752 (Fla. 4th DCA 1998).

4.     As a Fourth Affirmative Defense, Defendants state that Plaintiff's claims are barred by the doctrine of unclean hands, to the extent Plaintiff seeks any equitable relief.

5.     As a Fifth Affirmative Defense, Defendants state that at all material times, the Plaintiff, its agents, employees or others acting on its behalf were negligent and that such negligence directly and proximately caused or contributed to any alleged damages suffered by Plaintiff, and Plaintiff's recovery herein should be barred or reduced accordingly.

6.     As a Sixth Affirmative, Defendants state that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff does not allege facts sufficient to establish the elements of its claims.

7.     As a Seventh Affirmative Defense, Defendants state that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff has not suffered any damages and is thus missing an essential element of its claims.

8.     As an Eighth Affirmative Defense, Defendants state that this action is a product of an unauthorized, bad faith Chapter 11 proceeding and should therefore be dismissed.

9.     As an Ninth Affirmative Defense, Defendants state that any damages suffered by Plaintiff were the result of intentional criminal misconduct, recklessness, and/or negligence  by Plaintiff and/or other third parties over whom Defendants had no control.

K E L L E R   L A N D S B E R G   P A

ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

10.     As a Tenth Affirmative Defense, Defendants state that this action is barred by fraud or illegality by Plaintiff, its agents, and co-conspirators. Defendants were not aware of the fraudulent and illegal actions taken by Plaintiff, its agents, and co-conspirators and were instead provided with misrepresentations by Plaintiff.

11.     As an Eleventh Affirmative Defense, Defendants state that this action is barred by the statute of limitations.

12.     As a Twelfth Affirmative Defense, Defendants state that this action is barred by the doctrine of latches.

13.     As a Thirteenth Affirmative Defense, Defendants state that this action is barred because Plaintiff lacks standing to bring this action.

14.     As a Fourteenth Affirmative Defense, Defendants state that this action is barred because it is an unauthorized, *ultra vires* action by Plaintiff.

15.     As a Fifteenth Affirmative Defense, Defendants state that this action is barred by the doctrine of equitable estoppel.

16.     As a Sixteenth Affirmative Defense, Defendants state that Plaintiff fails to state a cause of action because the memoranda upon which Plaintiff alleges it relied on and which form the basis for its causes of action were not addressed to Plaintiff. Further, the information contained in the allegedly erroneous memoranda was correct and thus cannot serve as valid grounds for Plaintiff's action.

**Demand for Jury Trial**: Defendants demand a jury trial in this action.

WHEREFORE, Defendants demand dismissal of this action with prejudice, costs, attorneys

14

fees, and such other and further relief as the Court deems just and proper. Defendants further demand trial by jury on all issues so triable as of right.

## IV.      MOTION TO DISMISS

Mirabilis's Complaint seeks various claims for relief against Defendants for their alleged legal malpractice in representing them. However, Mirabilis itself has been indicted on seventeen counts of federal tax law violations, including conspiracy and wire fraud, for its participation in collecting and failing to remit to the Internal Revenue Service ("IRS") federal payroll withholding trust fund taxes.[1]  In a related criminal action, Mirabilis's principal, Amodeo, has pled guilty to and been convicted of conspiracy, failure to remit payroll taxes, and obstruction of an agency investigation.[2] He has been convicted and sentenced to a prison term of 270 months and ordered to pay restitution of $181,810,518.66.[3]

The crux of the Complaint is that the Defendants allegedly failed to advise Mirabilis that collected payroll tax trust funds cannot be used to pay for services rendered in the ordinary course of business, to pay unsecured creditors, and to refinance the secured creditors.  However, Mirabilis's claims for negligent supervision in Count III  fails to state a cause of action because as stated by the Court in the Order on the Motion to Dismiss the Second Amended Complaint, there is no duty to supervise between a professional association and an attorney. Thus, this claim is missing an essential element and is subject to dismissal as a matter of law.

---

[1] *See* U.S. v. AEM, Inc., d/b/a Mirabilis HR, et al., Case No. 6:08-cr-00231-JA-KRS [D.E. 30] ("*U.S. v. Mirabilis*").
[2] U.S. v. Amodeo, Case No. 6:08-cr-176-ORL-28-GJK ("*U.S. v. Amodeo*") [D.E. 38, 119]
[3] *U.S. v. Amodeo* [D.E. 140].  Pursuant to Rule 201, Fed. R. Evid., Defendants have filed a separate Request for Judicial Notice of the proceedings in *U.S. v. Mirabilis* and *U.S. v. Amodeo* [D.E. 44].

KELLER LANDSBERG PA
ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

## V.      MEMORANDUM OF LAW

### A.      Standard Applicable to Motion to Dismiss

Pursuant to the Federal Rules of Civil Procedure, dismissal is proper where a complaint fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). In making this determination, the court must accept the allegations in the complaint as true and must accept the allegations in a light most favorable to the plaintiff. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992). However, the Court should ignore allegations that contain no more than opinions or legal conclusions. *See Oxford Asset Mgmt. Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Many of the allegations in this Complaint should be ignored for this reason.

A court may dismiss a complaint that fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations and citations omitted). If a plaintiff has not "nudged [its] claims across the line from conceivable to plausible, the complaint must be dismissed." *Twombly,* 550 U.S. at 570. Conclusory allegations, unwarranted factual deductions, and conclusions of law need not be accepted as true and such allegations, masquerading as facts, will not prevent dismissal. *Wagner* v. *Daewoo Heavy Indus. Am. Corp.,* 289 F.3d 1268, 1271 (11th Cir. 2002). Plaintiff's unsupported conclusion of law that BKR had "a duty to use reasonable care in supervising" Berman and Wildermuth is simply not supported by the law and therefore Plaintiff's

16

claim fails.

**B.     Count III Fails To Allege The Elements of a Claim For Negligent Supervision**

Count III purports to be a claim for Berman Kean's negligent supervision of Berman and Wildermuth.  However, like this claim in  the Second Amended Complaint, this count is merely a recitation of the elements of such a claim. Additionally, Plaintiff has not cured the fatal defects contained in the Second Amended Complaint and explicitly set forth in this Court's January 27, 2010 Order dismissing the claim for negligent supervision.

As explained in *Department of Environmental Protection v. Hardy*, 907 So. 2d 655, 660 (Fla. 5th DCA 2005) (citations omitted), a claim for negligent supervision requires the following:

> Negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment. The plaintiff must allege facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action. The employer's liability for negligent supervision is not, however, unlimited; not only must the employer owe a duty to the plaintiff, but the breach of that duty must be the proximate cause of the plaintiff's harm.  There must be a connection and foreseeability between the employee's employment history and the current tort committed by the employee.

In the Order, the Court stated "it is not clear that the relationship between a professional association and a partner gives rise to the same duty to supervise as a traditional employer/employee relationship. Mirabilis has not produced any authority for this proposition, and the Court's research has not uncovered any." Ex. A, p. 8. The Court added the additional footnote in which it stated:

> It is difficult to see what purpose such a duty would serve, as the association is already liable for the on-the-job misdeeds of its members and employees. Florida Statute Section 612.07 provides, in pertinent part, that the professional association

17

"shall be liable up to the full value of its property for any negligent or wrongful acts or misconduct committed by any of its officers, members, managers, or employees while they are engaged on behalf of" the professional association in the rendering of professional services.

Ex. A, pp. 8-9 n.2 The Court then went on to state:

Even if a professional association does have such a duty, the Court has not uncovered any authority for the proposition that a partner's knowledge of his own misbehavior is imputed to the professional association, so as to give rise to the obligation to investigate, discharge, or reassign. And even if the law were to require that a partner's knowledge be imputed to a professional association, it would not establish that BKR knew or should have known of any alleged problems with Wildermuth because she is not alleged to have been a partner.

*Id.* at pp. 8-9.

Plaintiff has attempted to state a viable cause of action in its Third Amended Complaint, by essentially adding three new allegations. These allegations assert that: (1) Berman was a partner at BKR and Wildermuth was an attorney associated with BKR;(2) BKR billed and received payments for legal services performed by Berman and Wildermuth; and (3) BKR knew or should have known the nature, extent and type of legal services performed by Berman and Wildermuth for Mirabilis and its subsidiaries. However, these allegations do not cure the **legal defect** on which the Court based its ruling in granting the motion to dismiss on this claim. Specifically, even taking Plaintiff's new allegations as true, Plaintiff still has not asserted any allegations to establish that the relationship between a professional association and "a partner"[4] gives rise to the same type of duty to supervise as traditional employer/employee. Nor has Plaintiff cited to any authority that assuming there is such a duty, a partner's knowledge is assigned to the professional association so that it gives rise to an

---

[4] BKR is a Florida Professional Association, and not a partnership.  Berman is President of and a shareholder in the P.A.

KELLER LANDSBERG PA
ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

obligation to investigate, discharge or reassign. Additionally, Plaintiff has not alleged any factual

basis whatsoever for the claim that BKR knew or should have known of any alleged problems with

Wildermuth. Thus, because Count III fails to allege a specific factual basis for the conclusions that

BKR had a duty to supervise Berman and Wildermuth, that BKR breached that duty, or that BKR

knew of should have known of any alleged problems, it is still subject to dismissal as a matter of law.

**WHEREFORE,** Richard E. Berman, Berman, Kean & Riguera, P.A., and Elena Wildermuth

respectfully request that this Court enter an Order granting Defendants' Motion to Dismiss Count

III of Plaintiff's Third Amended Complaint with prejudice and for such other relief as the Court

deems just and proper.

WE HEREBY CERTIFY that a copy of the foregoing has been furnished via Electronic
Transmission on March 12, 2010 to: **Roy S. Kobert, Esq.**, Broad and Cassel, Counsel for Plaintiff,
390 North Orange Avenue, Suite 1400, Orlando, FL 32801, Telephone: (407) 839-4200; Facsimile:
(407) 425-8377, Email: rkobert@broadandcassel.com; and **Robert C. Widman, Esq.**, Morris &
Widman, P.A., 245 Tamiami Trail North, Suite E, Venice, FL 34285; Telephone: (941) 484-0646;
Facsimile: (941) 496-8870.

> KELLER LANDSBERG PA
> Trial Counsel for Defendants
> One Financial Plaza, Suite 1050
> 100 Southeast Third Avenue
> Fort Lauderdale, FL 33394
> Telephone: (954) 761-3550
> Facsimile: (954) 525-2134
> Email: david.keller@kellerlandsberg.com
>
> By:   */s/ D. David Keller*
>       D. David Keller
>       Fla. Bar No.: 288799
>
>     and

K E L L E R   L A N D S B E R G   P A

O N E   F I N A N C I A L   P L A Z A ,   1 0 0   S E   T H I R D   A V E N U E ,   S U I T E   1 0 5 0 ,   F O R T   L A U D E R D A L E ,   F L   3 3 3 9 4 ,   9 5 4 . 7 6 1 . 3 5 5 0

Bradley M. Saxton, Esq.
Winderweedle, Haines, Ward & Woodman, P.A.
Co-counsel for Defendants
Post Office Box 1391
Orlando, FL 32802-1391
Telephone:  (407) 423-4246
Facsimile: (407) 423-7014
Email: bsaxton@whww.com
Fla. Bar No.: 855995