UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: MIRABILIS VENTURES, INC.
Bankruptcy Case No.: 6:08-Bk-4327-KSJ
_____

MIRABILIS VENTURES, INC.,

                    Plaintiff,

-vs-                                    Case No.: 6:09-cv-175-Orl-31DAB

RICHARD E. BERMAN, BERMAN, KEAN
& RIGUERA, P.A., JOSE RIGUERA,
ELENA WILDERMUTH,

                    Defendants.
_____

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' BERMAN *ET AL.*
MOTION TO DISMISS COUNT III OF THIRD AMENDED
COMPLAINT AND MEMORANDUM OF LAW**

      The crux of Defendants' Motion is their assertion that under Florida law there is no duty to supervise between a professional association and an attorney. Under Florida law if an attorney is, as here, directly involved in misconduct that attorney can be personally liable for the malpractice of other attorneys on a theory of negligent failure to supervise. O'Keefe v. Darnell, 192 F. Supp 1351, 1361 (MD Fla. 2002).

      As to the duty of the professional association the Comments to §11 of the Regulation of the Legal Profession found in the Restatement of the Law Governing Lawyers promulgated by the American Law Institute and recognized in Florida in numerous cases including Searcy, Denney *et al* v. Poletz, 652 So.2d 366 (Fla. 1995) states as follows:

> Either as a matter of firm-wide policy or as matter of effective delegation, a firm must have in place reasonable measures to ensure that lawyer and nonlawyer personnel are reasonably competent for their intended responsibilities and thereafter receive appropriate training, supervision, and support allowing them to

recognize and carry out their responsibilities.  Reasonable measures must also be taken to ensure that such persons operate under appropriate procedures to avoid conflicts of interest and to prevent conversion or other appropriate dealing with client funds, fraudulent or otherwise improper billing to clients' and neglect of deadlines important in representing clients.

This language speaks to the <u>duty</u> of the law firm.  In the instant case Plaintiff alleges that (1) Berman as a partner and Wildermuth as an associate actively participated in the PBS Plan under which Amodeo diverted unpaid payroll taxes into Mirabilis, without its knowledge, and (2) Berman (who was Mirabilis general counsel) failed to disclose same to Mirabilis.  Plaintiff further alleges that the BKR law firm (1) knew or should have known about the above, (2) owed a duty to use reasonable care to supervise Berman and Wildermuth, and (3) yet failed to do so.

Of more significance is the *Tambourine* case decided on March 4, 2007 in the United States District Court for the Southern District of Florida.  *See Tambourine Comercio Int'l S.A. v. Solowsky*, 2007 U.S. Dist. LEXIS 14905 (S.D. Fla., Mar. 4, 2007), reversed as to certain evidentiary issues in *Tambourine Comercio Int'l S.A. v. Solowsky*, 312 Fed. Appx. 263 (11th Cir. 2009).  While the 11th Circuit case does not address the negligent supervision claim, the District Court case does address the negligent supervision claim.  In the case, the Plaintiff sued the Defendant attorney and the Defendant professional association law firm for several causes of action, including a cause of action for negligent supervision.  Defendants moved to dismiss the negligent supervision claim because Defendant law firm did not represent Plaintiffs at the time of Defendant attorney's alleged wrongdoing and because Plaintiffs had allegedly failed to allege any facts demonstrating that Defendant law firm became aware of, or should have become aware, of any alleged problems with Defendant attorney.  Plaintiff countered that an attorney-client relationship is not required to support an actionable duty of care and that the complaint's allegations satisfy all the elements of a negligent supervision claim.  The court, in its

decision, lists the elements of negligent supervision and provides that Plaintiff properly pled those elements. The court also provides that whether Defendants' actions or omissions were a breach of Defendant law firm professional association's duty of care based on prior representation of Plaintiff is a question to be decided later when evidence of the scope of Defendants' attorney-client relationship with Plaintiff is introduced. Accordingly, the court denied the motion to dismiss as to the negligent supervision count.

See also Rosen v. Florida Guaranty Association, 802 So.2d 291 (Fla. 2001) which addresses whether a settlement agreement between parties constitutes a release. While the subject matter of the case is not of any significance the facts of the case are significant in that the Plaintiff sues a Dade County law firm, its principal, and one employee for several causes of action, including negligent supervision. While this information is simply provided in a one sentence synopsis of the background of the case, it illustrates that others have sued under the theory of negligent supervision in the context of law firm / partner.

Since Defendants have seen fit to raise factual matters in their Motion to Dismiss, Plaintiff would point out that based on its preliminary review of the BKR trust account records it appears that approximately $15 Million of unpaid Amodeo payroll funds was funneled through the BKR trust account and then into Mirabilis under Berman's direct supervision.[1]

Based on the above Plaintiff contends that under Florida law BKR did have a duty to supervise both Berman and Wildermuth. Plaintiff therefore contends that the negligent supervision was properly plead. The Motion to Dismiss Count III should therefore be denied.

---

[1] See Rule 5-1.2 of the Rules Regulating Trust Accounts under the Rules Regulating the Florida Bar.

Dated: March 24, 2010 /s/Robert C. Widman
Robert C. Widman
Florida Bar No.: 0170014
Counsel for Plaintiff
MORRIS & WIDMAN, P.A.
245 N. Tamiami Trail, Ste. E
Venice, FL 34285
Telephone: (941) 484-0646
Facsimile: (941) 496-8870
E-mail address: widmor48@mwk-law.com

and

Todd K. Norman
Florida Bar No.: 62154
E-mail address: tnorman@broadandcassel.com
Roy S. Kobert
Florida Bar No.: 777153
E-mail address: rkobert@broadandcassel.com
Co-Counsel for Plaintiff
BROAD AND CASSEL
390 North Orange Avenue
Suite 1400
Orlando, Florida 32801
P.O. Box 4961
Orlando, Florida 32802
Telephone: (407) 839-4200
Facsimile: (407) 650-0927

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of March, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF filing system.

s/ Robert C. Widman
Robert C. Widman
Florida Bar No.: 0170014
Attorneys for Plaintiffs
MORRIS & WIDMAN, P.A.
245 N. Tamiami Trail, Ste. E
Venice, FL 34285
Telephone: (941) 484-0646
Facsimile: (941) 496-8870
E-mail address: widmor48@mwk-law.com