UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In Re: MIRABILIS VENTURES, INC.,<br><br>　　　　Debtor<br>_____/ | Bankruptcy Case No. 6:08-bk-4327-KSJ<br>Adv. Pro. No.  6:08-ap-222-KSJ |
| MIRABILIS VENTURES, INC.<br><br>　　　　Plaintiff,<br><br>v.<br><br>RICHARD E. BERMAN, BERMAN, KEAN & RIGUERA, P.A., ELENA WILDERMUTH,<br><br>　　　　Defendants.<br>_____/ | Case No.: 6:09-cv-175-Orl-31DAB |

**DEFENDANTS, RICHARD E. BERMAN, BERMAN, KEAN & RIGUERA, P.A., AND ELENA WILDERMUTH'S AMENDED MOTION TO DISMISS COUNT III OF PLAINTIFF'S THIRD AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**

Defendants, RICHARD E. BERMAN ("Berman"), BERMAN, KEAN & RIGUERA, P.A. ("BKR"), and ELENA WILDERMUTH ("Wildermuth") (collectively "Defendants") by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby file this Amended Motion to Dismiss Count III of Plaintiff's Third Amended Complaint and in support thereof state as follows:

**I.   INTRODUCTION**

Mirabilis's Complaint seeks relief against Defendants for alleged legal malpractice in connection with purported advice regarding an illegal scheme by Mirabilis and its principal, Frank Amodeo ("Amodeo") to steal over $180 million in federal payroll tax withholding trust funds. On November 9, 2009, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint

[D.E. 32]. On January 27, 2010, the Court entered an Order dismissing Counts III and V for negligent misrepresentation and negligent supervision, respectively, but denying Defendants' Motion to Dismiss as to all other counts [D.E. 47].

Plaintiff has now filed a Third Amended Complaint in which it has asserted counts for professional negligence (Count I), breach of fiduciary duty (Count II), negligent supervision (Count III), accounting (Count IV), and a new count for conversion (Count V) [D.E. 52]. Additionally, Plaintiff is seeking the additional damage claim of "forfeiture and disgorgement of all payments and benefits received by [Defendants] from Mirabilis and its related entities." Defendants are answering the claims of professional negligence, breach of fiduciary duty, accounting, and conversion. However, Plaintiff's cause of action for negligent supervision (Count III) is substantially similar to the previously dismissed negligent supervision claim in the Second Amended Complaint and still fails to state a cause of action. Therefore, it is subject to dismissal as a matter of law.

## II.   MOTION TO DISMISS

Mirabilis's Complaint seeks various claims for relief against Defendants for their alleged legal malpractice in representing them. However, Mirabilis itself has been indicted on seventeen counts of federal tax law violations, including conspiracy and wire fraud, for its participation in collecting and failing to remit to the Internal Revenue Service ("IRS") federal payroll withholding trust fund taxes.[1] In a related criminal action, Mirabilis's principal, Amodeo, has pled guilty to and been convicted of conspiracy, failure to remit payroll taxes, and obstruction of an agency investigation.[2] He has been convicted and sentenced to a prison term of 270 months and ordered to

---

[1] *See* U.S. v. AEM, Inc., d/b/a Mirabilis HR, et al., Case No. 6:08-cr-00231-JA-KRS [D.E. 30] ("*U.S. v. Mirabilis*").
[2] U.S. v. Amodeo, Case No. 6:08-cr-176-ORL-28-GJK ("*U.S. v. Amodeo*") [D.E. 38, 119]

pay restitution of $181,810,518.66.[3]

The crux of the Complaint is that the Defendants allegedly failed to advise Mirabilis that collected payroll tax trust funds cannot be used to pay for services rendered in the ordinary course of business, to pay unsecured creditors, and to refinance the secured creditors. However, Mirabilis's claims for negligent supervision in Count III fails to state a cause of action because as stated by the Court in the Order on the Motion to Dismiss the Second Amended Complaint, there is no independent duty to supervise between a professional association and an attorney. Thus, this claim is missing an essential element and is subject to dismissal as a matter of law.

### III.    MEMORANDUM OF LAW

#### A.    Standard Applicable to Motion to Dismiss

Pursuant to the Federal Rules of Civil Procedure, dismissal is proper where a complaint fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). While the court must accept the allegations in the complaint as true, *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992), the Court should ignore allegations that contain mere opinions or legal conclusions. *See Oxford Asset Mgmt. Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Many of the allegations in this Complaint should be ignored for this reason.

A court may dismiss a complaint that fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations and citations omitted).If a plaintiff has

---

[3] *U.S. v. Amodeo* [D.E. 140]. Pursuant to Rule 201, Fed. R. Evid., Defendants have filed a separate Request for Judicial Notice of the proceedings in *U.S. v. Mirabilis* and *U.S. v. Amodeo* [D.E. 44].

not "nudged [its] claims across the line from conceivable to plausible, the complaint must be dismissed." *Twombly,* 550 U.S. at 570. Conclusory allegations, unwarranted factual deductions, and conclusions of law need not be accepted as true and such allegations, masquerading as facts, will not prevent dismissal. *Wagner* v. *Daewoo Heavy Indus. Am. Corp.,* 289 F.3d 1268, 1271 (11th Cir. 2002). Plaintiff's unsupported conclusion of law that BKR had "a duty to use reasonable care in supervising" Berman and Wildermuth is simply not supported by the law and therefore Plaintiff's claim fails.

> B. **Count III Fails To Allege The Elements of a Claim For Negligent Supervision**

Count III purports to be a claim for Berman Kean's negligent supervision of Berman and Wildermuth. However, like this claim in the Second Amended Complaint, this count is merely a recitation of the elements of such a claim. Additionally, Plaintiff has not cured the fatal defects contained in the Second Amended Complaint and explicitly set forth in this Court's January 27, 2010 Order dismissing the claim for negligent supervision.

As explained in *Department of Environmental Protection v. Hardy*, 907 So. 2d 655, 660 (Fla. 5th DCA 2005) (citations omitted), a claim for negligent supervision requires the following:

> Negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment. The plaintiff must allege facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action. The employer's liability for negligent supervision is not, however, unlimited; not only must the employer owe a duty to the plaintiff, but the breach of that duty must be the proximate cause of the plaintiff's harm. There must be a connection and foreseeability between the employee's employment history and the current tort committed by the employee.

In the Order, the Court stated "it is not clear that the relationship between a professional association and a partner gives rise to the same duty to supervise as a traditional employer/employee

relationship. Mirabilis has not produced any authority for this proposition, and the Court's research has not uncovered any." Ex. A, p. 8. The Court added the additional footnote in which it stated:

> It is difficult to see what purpose such a duty would serve, as the association is already liable for the on-the-job misdeeds of its members and employees. Florida Statute Section 612.07 provides, in pertinent part, that the professional association "shall be liable up to the full value of its property for any negligent or wrongful acts or misconduct committed by any of its officers, members, managers, or employees while they are engaged on behalf of" the professional association in the rendering of professional services.

Ex. A, pp. 8-9 n.2 The Court then went on to state:

> Even if a professional association does have such a duty, the Court has not uncovered any authority for the proposition that a partner's knowledge of his own misbehavior is imputed to the professional association, so as to give rise to the obligation to investigate, discharge, or reassign. And even if the law were to require that a partner's knowledge be imputed to a professional association, it would not establish that BKR knew or should have known of any alleged problems with Wildermuth because she is not alleged to have been a partner.

*Id.* at pp. 8-9.

Plaintiff has attempted to state a claim in its Third Amended Complaint, by adding three new allegations. These allegations assert that: (1) Berman was a partner at BKR and Wildermuth was an attorney associated with BKR;(2) BKR billed and received payments for legal services performed by Berman and Wildermuth; and (3) BKR knew or should have known the nature, extent and type of legal services performed by Berman and Wildermuth for Mirabilis and its subsidiaries. These allegations, without more, do not cure the **legal defect** on which the Court based its ruling in granting the motion to dismiss on this claim. Even taking Plaintiff's new allegations as true, Plaintiff still fails to allege any facts to establish that the relationship between the professional association and "a partner"[4] gives rise to the same type of duty to supervise as a traditional employer/employee

---

[4] BKR is a Florida Professional Association, and not a partnership. Berman is President of and a shareholder in the P.A.

relationship. Even assuming there is such a duty, which there is not, a shareholder's knowledge does not give rise to an independent duty on the part of the corporation to investigate, discharge or reassign that shareholder. Additionally, Plaintiff has not alleged any factual basis whatsoever for the claim that BKR knew or should have known of any issues with Wildermuth which would require some independent action on the part of the corporation. Thus, because Count III fails to allege a specific factual basis for the conclusions that BKR had a duty to supervise Berman and Wildermuth, that BKR breached that duty, or that BKR knew of should have known of any alleged problems, it remains subject to dismissal as a matter of law.

**WHEREFORE,** Richard E. Berman, Berman, Kean & Riguera, P.A., and Elena Wildermuth respectfully request that this Court enter an Order granting Defendants' Motion to Dismiss Count III of Plaintiff's Third Amended Complaint with prejudice and for such other relief as the Court deems just and proper.

WE HEREBY CERTIFY that a copy of the foregoing has been furnished via Electronic Transmission on April 5, 2010 to: **Roy S. Kobert, Esq.**, Broad and Cassel, Counsel for Plaintiff, 390 North Orange Avenue, Suite 1400, Orlando, FL 32801, Telephone: (407) 839-4200; Facsimile: (407) 425-8377, Email: rkobert@broadandcassel.com;and **Robert C. Widman, Esq.**, Morris & Widman, P.A., 245 Tamiami Trail North, Suite E, Venice, FL 34285; Telephone: (941) 484-0646; Facsimile: (941) 496-8870.

        KELLER LANDSBERG PA
        Trial Counsel for Defendants
        One Financial Plaza, Suite 1050
        100 Southeast Third Avenue
        Fort Lauderdale, FL 33394
        Telephone: (954) 761-3550
        Facsimile: (954) 525-2134
        Email: david.keller@kellerlandsberg.com

        By:  */s/ D. David Keller*
             D. David Keller
             Fla. Bar No.: 288799

        and

>Bradley M. Saxton, Esq.
>Winderweedle, Haines, Ward & Woodman, P.A.
>Co-counsel for Defendants
>Post Office Box 1391
>Orlando, FL 32802-1391
>Telephone:  (407) 423-4246
>Facsimile: (407) 423-7014
>Email: bsaxton@whww.com
>Fla. Bar No.: 855995