UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC.                    Case No.: 6:09-cv-175-Orl-31DAB

      Plaintiff,

v.

RICHARD E. BERMAN, BERMAN, KEAN &
RIGUERA, P.A., ELENA WILDERMUTH,

      Defendants.
_____/

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COUNT III OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendants, RICHARD E. BERMAN ("Berman"), BERMAN, KEAN & RIGUERA, P.A. ("BKR"), and ELENA WILDERMUTH ("Wildermuth") (collectively "Defendants") Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Count III of Plaintiff's Third Amended Complaint ("Response") and state:

**I. INTRODUCTION**

Defendants Moved to Dismiss Count III of the Third Amended Complaint [D.E. 51] based on failure to establish the elements of the claim for negligent supervision. In its Response, Plaintiff questions the propriety of Defendants including factual references in the Motion, and alleges specific improprieties on the part of Berman and BKR in connection with management of the firm's trust account.[1]  Response, p.3.  This Reply - pursuant to the Court's Order of April 9, 2010 [D.E. 61] - clarifies the propriety and legal basis for including the established record facts in the Motion, and for disregarding Plaintiff's additional allegations which are outside the Complaint.

---

[1] Defendants expressly dispute and deny these allegations.  However, it is inappropriate to join substantive contested evidentiary disputes in arguing the legal merits of a Motion to Dismiss, as Plaintiff seeks to do in its Response.

## II. ARGUMENT

### A. The Court can consider judicially noticed matters on a motion to dismiss

Courts can and should consider matters subject to judicial notice in ruling on a motion to dismiss. As stated by a very recent decision in this District, "When ruling on a motion to dismiss for failure to state a claim . . . . a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Forrester v. Stanley*, 2010 WL 1257471 (M.D. Fla. Mar. 29, 2010) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)) (emphasis supplied).

> The facts referenced in Defendants' Motion to Dismiss and Plaintiff's Response are:
>
> Mirabilis itself has been indicted on seventeen counts of federal tax law violations, including conspiracy and wire fraud, for its participation in collecting and failing to remit to the Internal Revenue Service ("IRS") federal payroll withholding trust fund taxes.[2] In a related criminal action, Mirabilis's principal, Amodeo, has pled guilty to and been convicted of conspiracy, failure to remit payroll taxes, and obstruction of an agency investigation.[3] He has been convicted and sentenced to a prison term of 270 months and ordered to pay restitution of $181,810,518.66.[4]

Defendants' Motion to Dismiss Count III, p. 2-3 [D.E. 58]. These established record facts are the subject of Defendants' Unopposed Request for Judicial Notice [D.E. 44]. Although included to provide context to the background of the case, the Court can and properly should consider them to the extent they may be helpful in determining the Motion to Dismiss. Moreover, these facts are the very essence of Plaintiff's Complaint. Despite the Mirabilis Indictment and the conviction of Amodeo, its principal controlling shareholder, Plaintiff seeks to impose liability on the Defendants for their alleged failure to advise Mirabilis that its activities were illegal. [See e.g., Complaint at ¶¶

---

[2] *See* U.S. v. AEM, Inc., d/b/a Mirabilis HR, et al., Case No. 6:08-cr-00231-JA-KRS [D.E. 30] ("*U.S. v. Mirabilis*").
[3] U.S. v. Amodeo, Case No. 6:08-cr-176-ORL-28-GJK ("*U.S. v. Amodeo*") [D.E. 38, 119]
[4] *U.S. v. Amodeo* [D.E. 140].

24-28, 45-49, 64, 66, 69, 71].  But in criminal proceedings identified in the Unopposed Request for Judicial Notice, Mirabilis has been charged with criminal conduct.  And Amodeo has admitted he knew his actions were illegal, and he has been convicted based on his plea.  Mirabilis seeks recovery from the Defendants based on their alleged failure to warn of that very consequence, and in Count III for BKR's failure to supervise its lawyers in that regard.  Notwithstanding this incongruity, Mirabilis seemingly objects to Defendants reference to the relevant criminal proceedings in which it has been charged and which are the subject of the Unopposed Request for Judicial Notice.

     **B.**     **Subject to limited exceptions, the Court cannot go beyond the complaint in ruling on a motion to dismiss**

Conversely, Plaintiff's reference to allegations not subject to judicial notice, and not included in its Complaint[5] is inappropriate for consideration of the Motion to Dismiss. Plaintiffs cite no legal authority permitting such a submission, and there is none. The "facts" are not contained in the Complaint and are not subject to judicial notice. They are simply additional allegations which should not considered. As stated in *Forrester*, the Court is limited in what it can consider in ruling on a motion to dismiss. The "facts" asserted by Plaintiff in its Response do not fall within any exception to the general rule that the Court cannot go beyond the the Complaint in determining a Motion to Dismiss. *See generally Steppe v. City of Miami, Fla.*, 2010 WL 234891 (S.D. Fla. Jan. 19, 2010).

**III.   CONCLUSION**

The Court may consider matters established by the Unopposed Request for Judicial Notice. Plaintiff's argumentative allegations outside the Complaint should not be considered. The Motion to Dismiss should be granted.

     WE HEREBY CERTIFY that a copy of the foregoing has been furnished via Electronic

---

[5] And which appear to relate primarily to the claim for Accounting, which is not the subject of Defendants' Motion.

Transmission on April 16, 2010 to: **Roy S. Kobert, Esq.**, Broad and Cassel, Counsel for Plaintiff, 390 North Orange Avenue, Suite 1400, Orlando, FL 32801, Telephone: (407) 839-4200; Facsimile: (407) 425-8377, Email: rkobert@broadandcassel.com;and **Robert C. Widman, Esq.**, Morris & Widman, P.A., 245 Tamiami Trail North, Suite E, Venice, FL 34285; Telephone: (941) 484-0646; Facsimile: (941) 496-8870.

        KELLER LANDSBERG PA
        Trial Counsel for Defendants
        One Financial Plaza, Suite 1050
        100 Southeast Third Avenue
        Fort Lauderdale, FL 33394
        Telephone: (954) 761-3550
        Facsimile: (954) 525-2134
        Email: david.keller@kellerlandsberg.com

        By: */s/ D. David Keller*
          D. David Keller
          Fla. Bar No.: 288799

        and

        Bradley M. Saxton, Esq.
        Winderweedle, Haines, Ward & Woodman, P.A.
        Co-counsel for Defendants
        Post Office Box 1391
        Orlando, FL 32802-1391
        Telephone: (407) 423-4246
        Facsimile: (407) 423-7014
        Email: bsaxton@whww.com
        Fla. Bar No.: 855995