UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: MIRABILIS VENTURES, INC.,
Bankruptcy Case No. 6:08-Bk-4327-KSJ
Adversary Case No. 6:08-Ap-222-KSJ

---

MIRABILIS VENTURES, INC.,

        Plaintiff,

-vs-                               Case No. 6:09-cv-175-Orl-31DAB

RICHARD E. BERMAN, BERMAN, KEAN
& RIGUERA, P.A., ELENA
WILDERMUTH,

        Defendants.

---

## ORDER

This matter comes before the Court on the Amended Motion to Dismiss Count III (Doc. 58) filed by Defendants Richard Berman ("Berman"), Berman, Kean & Riguera, P.A. ("BKR"), and Elena Wildermuth ("Wildermuth"); the response (Doc. 59) filed by the Plaintiff, Mirabilis Ventures, Inc. ("Mirabilis"); and the reply (Doc. 62) filed by the Defendants.

I.    **Background**

This case involves allegations of professional negligence in connection with the theft of federal payroll tax funds by Mirabilis and its principal, Frank Amodeo ("Amodeo"). Defendant Berman and Defendant Wildermuth are attorneys. Both were employed at all pertinent times by BKR, a professional association, of which Berman is president and a shareholder. (Doc. 58 at 5). According to the allegations of the Third Amended Complaint, which are accepted as true for

purposes of resolving this motion, Berman and Wildermuth provided legal advice to Mirabilis regarding the use of payroll tax funds of entities acquired by Mirabilis, eventually leading to Mirabilis sustaining damages. (Doc. 52 at 1-2).

On January 27, 2010, this Court dismissed Count V of the Plaintiff's Second Amended Complaint (Doc. 25) pursuant to Rule 12(b)(6). (Doc. 47). In that count, the Plaintiff had attempted to assert a claim for negligent supervision by BKR of Berman and Wildermuth. (Doc. 25 at 15-16). The Defendants now seek dismissal of the negligent supervision count (Count III) in the Plaintiff's Third Amended Complaint, arguing it also fails to state a claim for relief.

## II.     Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the

required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

The United States Supreme Court recently addressed what factual allegations are necessary to survive a motion to dismiss. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Analysis

Under Florida law, negligent supervision occurs when, "during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness and the employer fails to take further action such as investigating, discharge or reassignment." *Garcia v. Duffy*, 492 So. 2d 435, 438 39 (Fla. 2d DCA 1986). In its preceding order, the Court expressed some concerns regarding BKR's duty to supervise Berman and Wildermuth. (Doc. 47 at 8-9). Among other issues, such a duty seemed to be unnecessary, given that a professional association is automatically liable for its employees' professional negligence, irrespective of any failure to oversee their conduct. Fla. Stat. § 621.07. But additional research

has allayed those concerns. A professional association has the same obligation to supervise its employees as any other legal entity. *See*, *e.g.*, *Gershuny v. Martin McFall Messenger Anesthesia Professional Ass's*, 539 So. 2d 1131, 1133-34 (Fla. 1989).

As pled, however, this count fails. Mirabilis never alleges that BKR became aware or should have become aware that either Berman or Wildermuth were unfit. Rather, Mirabilis argues that BKR knew or should have known "the nature, extent and type of legal services purportedly rendered by Berman and Wildermuth to Mirabilis, its subsidiaries and related companies" (Doc. 52 at 13). This does not even rise to the level of a formulaic recitation of the elements of a negligent supervision claim. Nor does it include the factual allegations required to state a claim, such as an assertion as to when and how BKR knew or should have known its employees were unfit.

In what is presumably an attempt to provide the necessary factual allegations, Mirabilis incorporates the first 71 numbered paragraphs of the Third Amended Complaint into Count III. However, the vast majority of those paragraphs are not relevant to the negligent supervision claim, consisting of background information or assertions that are relevant solely to other claims. If Mirabilis chooses to replead Count III, it must comply with Rule 8 and must not reincorporate this extraneous information.

## IV.   Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Amended Motion to Dismiss Count III (Doc. 58) is hereby **GRANTED**, and Count III is **DISMISSED WITHOUT PREJUDICE**. Should Mirabilis choose

to attempt to reassert this Count, it may file an amended pleading that meets the requirements outlined above on or before May 24, 2010.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 11, 2010.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party