UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re: MIRABILIS VENTURES, INC.,

        Debtor

Bankruptcy Case No. 6:08-bk-4327-KSJ
Adv. Pro. No.  6:08-ap-222-KSJ

_____/

MIRABILIS VENTURES, INC.

        Plaintiff,

v.

RICHARD E. BERMAN, BERMAN, KEAN &
RIGUERA, P.A., ELENA WILDERMUTH,

        Defendants.

Case No.: 6:09-cv-175-Orl-31DAB

_____/

**DEFENDANTS, RICHARD E. BERMAN, BERMAN, KEAN & RIGUERA, P.A., AND ELENA WILDERMUTH'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Defendants, RICHARD E. BERMAN ("Berman"), BERMAN, KEAN & RIGUERA, P.A. ("BKR"), and ELENA WILDERMUTH ("Wildermuth") (collectively "Defendants") by and through their undersigned counsel, hereby file this Answer and Affirmative Defenses to Plaintiff, MIRABILIS VENTURES, INC.'s ("Plaintiff" or "Mirabilis") Fourth Amended Complaint, and state as follows:

**I.     ANSWER**

**Jurisdiction and Venue**

1.     Defendants admit that the United States Bankruptcy Court for the Middle District of Florida had original subject matter jurisdiction over the original adversary proceedings without specifically admitting the applicability of Titles 11 and 28 of the United States Code, and further

state that except for the fact that Mirabilis Ventures, Inc. is in bankruptcy, the case would not otherwise be subject to federal jurisdiction.

2.     Defendants admit the allegations contained in paragraph 2 of Plaintiff's Fourth Amended Complaint.

3.     Defendants admit that this Court has personal jurisdiction, that Defendant BKR is a professional association, and that BKR's principal place of business is in Broward County, Florida. Defendants deny jurisdiction as conferred under 18 U.S.C. §1965(d) as alleged.

4.     Defendants admit that the venue is proper.

5.     Defendants admit that this is a non-core proceeding.

**The parties and other relevant entities**

6.     Defendants admit that Plaintiff is a Nevada corporation with its principal place of business in Maitland, Florida.

7.     Defendants admit that BKR is a law firm located in Broward County, Florida. Defendants deny that BKR is "a full service law firm" and is doing business throughout Florida, although its practice is not solely limited to Broward County.

8.     Defendants admit that Berman is a resident of Florida and an attorney licensed to practice law in the State of Florida. Defendants further admit that Berman was an employee of the BKR firm in connection with any legal representation of Plaintiff, and to that extent BKR is responsible for his actions, although Defendants dispute and deny any liability to Plaintiff. Defendants deny the remaining allegations of Paragraph 8 and demand strict proof thereof.

9.     Defendants admit that Wildermuth is a resident of Florida and licensed to practice law in the State of Florida.  Defendants further admit that Wildermuth was an employee of the BKR firm in connection with any legal representation of Plaintiff and to that extent BKR is liable for her

2

actions, although Defendants dispute and deny any liability to Plaintiff. Defendants deny the remaining allegations of paragraph 9 and demand strict proof thereof.

10.     Defendants deny that all conditions precedent to bringing this suit have occurred, and further that any performance has been waived.

**The Sunshine Companies**

11.     Defendants are without personal knowledge as to the allegations contained in paragraph 11 and therefore deny same and demand strict proof thereof.

12.     Defendants are without personal knowledge as to the allegations contained in paragraph 12 and therefore deny same and demand strict proof thereof.

13.     Defendants are without personal knowledge as to the allegations contained in paragraph 13 and therefore deny same and demand strict proof thereof.

14.     Defendants are without personal knowledge as to the allegations contained in paragraph 14 and therefore deny same and demand strict proof thereof.

15.     Defendants are without personal knowledge as to the allegations contained in paragraph 15 and therefore deny same and demand strict proof thereof.

16.     Defendants are without personal knowledge as to the allegations contained in paragraph 16 and therefore deny same and demand strict proof thereof.

17.     Defendants are without personal knowledge as to the allegations contained in paragraph 17 and therefore deny same and demand strict proof thereof.

**The Presidion Reorganization Plan and Mirabilis Ventures, Inc.**

18.     Defendants are without personal knowledge as to the allegations contained in paragraph 18 and therefore deny same and demand strict proof thereof.

19.     Defendants are without personal knowledge as to the allegations contained in

K E L L E R   L A N D S B E R G   P A

ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

paragraph 19 and therefore deny same and demand strict proof thereof.

20.     Defendants are without personal knowledge as to the allegations contained in paragraph 20 and therefore deny same and demand strict proof thereof.

21.     Defendants are without personal knowledge as to the allegations contained in paragraph 21 and therefore deny same and demand strict proof thereof.

22.     Defendants are without personal knowledge as to the allegations contained in paragraph 22 and therefore deny same and demand strict proof thereof.

23.     Defendants are without personal knowledge as to the allegations contained in paragraph 23 and therefore deny same and demand strict proof thereof.

24.     Defendants are without personal knowledge as to the allegations contained in paragraph 24 and therefore deny same and demand strict proof thereof.

25.     Defendants are without personal knowledge as to the allegations contained in paragraph 25 and therefore deny same and demand strict proof thereof.

26.     Defendants are without personal knowledge as to the allegations contained in paragraph 26 and therefore deny same and demand strict proof thereof.

27.     Defendants are without personal knowledge as to the allegations contained in paragraph 27 and therefore deny same and demand strict proof thereof.

28.     Defendants are without personal knowledge as to the allegations contained in paragraph 28 and therefore deny same and demand strict proof thereof.

**Retention and Involvement of Richard Berman and Elena Wildermuth by Mirabilis Ventures, Inc. and its Subsidiaries and the Approval of the PBS Plan**

29.     Defendants admit that Berman and Wildermuth were employed by BKR for all times relevant to this Fourth Amended Complaint.

KELLER LANDSBERG PA

ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

30.     Defendants Berman and BKR deny the allegations contained in paragraph 30 and demand strict proof thereof. Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 30.

31.     Defendants Berman and BKR deny the allegations contained in paragraph 31 and demand strict proof thereof.  Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 31.

32.     Defendants deny the allegations contained in paragraph 32 and demand strict proof thereof. Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 32.  Exhibits "A" and "B" speak for themselves and Defendants reserve all objections to same.

33.     With respect to the allegations contained in paragraph 33, Defendants admit providing a memorandum to Frank Amodeo or his designee on or about April 13, 2005, but deny the remaining allegations of paragraph 33 and demand strict proof thereof. Exhibit "C" speaks for itself and Defendants reserve all objections to same.  Additionally, Defendants specifically deny that Exhibit "C" is a "true and correct copy of the First Tax Memorandum" and also deny that it is the "First Memorandum."

34.     Defendants Berman and BKR deny the allegations contained in paragraph 34 and demand strict proof thereof.  Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 34. Exhibit "D" speaks for itself and Defendants reserve all objections to same.

35.     Defendants Berman and BKR deny the allegations contained in paragraph 35 and demand strict proof thereof.  Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 35.  Exhibit "E" speaks for itself and Defendants reserve all

5

objections to same.

36.     Defendants Berman and BKR deny the allegations contained in paragraph 36 and demand strict proof thereof.  Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 36.

37.     Defendants Berman and BKR deny the allegations contained in paragraph 37 and demand strict proof thereof.  Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 37. Exhibit "F" speaks for itself and Defendants reserve all objections to same.

38.     Defendants Berman and BKR deny the allegations contained in paragraph 38 and demand strict proof thereof.  Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 38.  Exhibit "G" speaks for itself and Defendants reserve all objections to same.

39.     Defendants Berman and BKR admit that Berman became an officer of Mirabilis. Defendants Berman and BRK deny the remaining allegations contained in paragraph 39 and demand strict proof thereof. Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 39. Exhibit "H" speaks for itself and Defendants reserve all objections to same.

40.     Defendants Berman and BKR deny the allegations contained in paragraph 40 and demand strict proof thereof.  Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 40.

41.     Defendants Berman and BKR deny the allegations contained in paragraph 41 and demand strict proof thereof.  Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 41. Exhibit "I" speaks for itself and Defendants reserve all

KELLER LANDSBERG PA

ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

objections to same.

42.     Defendants Berman and BKR deny the allegations contained in paragraph 42 and demand strict proof thereof.  Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 42.

43.     Defendants are without knowledge as to the allegations contained in paragraph 43 and therefore deny same and demand strict proof thereof.

44.     Defendants Berman and BKR deny the allegations contained in paragraph 44 and demand strict proof thereof.  Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 44.

45.     Defendants deny the allegations contained in paragraph 45 and demand strict proof thereof.

46.     Defendants Berman and BKR deny the allegations contained in paragraph 46 and demand strict proof thereof.  Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 46. Exhibit "J" speaks for itself and Defendants reserve all objections to same.

47.     Defendants admit that Wildermuth sent a memorandum dated November 2, 2006, but deny the remaining allegations contained in paragraph 47 and demand strict proof thereof.  Exhibit "K" speaks for itself and Defendants reserve all objections to same.

48.     Defendants Berman and BKR admit the allegations contained in paragraph 48. Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 48.  Exhibit "L" speaks for itself and Defendants reserve all objections to same.

**The United States of America's Civil Forfeiture Action Against Mirabilis**

49.     Defendants are without personal knowledge as to the allegations contained in

K E L L E R   L A N D S B E R G   P A

O N E   F I N A N C I A L   P L A Z A ,   1 0 0   S E   T H I R D   A V E N U E ,   S U I T E   1 0 5 0 ,   F O R T   L A U D E R D A L E ,   F L   3 3 3 9 4 ,   9 5 4 . 7 6 1 . 3 5 5 0

paragraph 49 and therefore deny same and demand strict proof thereof.

50.    Defendants are without personal knowledge as to the allegations contained in paragraph 50 and therefore deny same and demand strict proof thereof.

51.    Defendants are without personal knowledge as to the allegations contained in paragraph 51 and therefore deny same and demand strict proof thereof.

52.    Defendants are without personal knowledge as to the allegations contained in paragraph 52 and therefore deny same and demand strict proof thereof.

53.    Defendants are without personal knowledge as to the allegations contained in paragraph 53 and therefore deny same and demand strict proof thereof.

54.    Defendants are without personal knowledge as to the allegations contained in paragraph 54 and therefore deny same and demand strict proof thereof.

55.    Defendants admit the allegations contained in paragraph 55 of the Fourth Amended Complaint.

56.    Defendants are without personal knowledge as to the allegations contained in paragraph 56 and therefore deny same and demand strict proof thereof.

57.    Defendants are without personal knowledge as to the allegations contained in paragraph 57 and therefore deny same and demand strict proof thereof.

**Count I - Professional Negligence (All Defendants)**

58.    Defendants repeat and reallege each and every allegation set forth in paragraphs 1 though 57 as if specifically set forth herein.

59.    Defendants admit that Plaintiff has attempted to allege a claim for professional negligence, but deny any professional negligence or liability for same, and further deny that any acts errors or omissions on their part caused or contributed to any recoverable damages.

K E L L E R   L A N D S B E R G   P A

O N E   F I N A N C I A L   P L A Z A ,   1 0 0   S E   T H I R D   A V E N U E ,   S U I T E   1 0 5 0 ,   F O R T   L A U D E R D A L E ,   F L   3 3 3 9 4 ,   9 5 4 . 7 6 1 . 3 5 5 0

60.     Defendants admit that at various times they undertook to represent Mirabilis, but deny the remaining allegation of paragraph 60 of the Fourth Amended Complaint and demand strict proof thereof.

61.     Defendants admit that they owed a duty of reasonable care to Mirabilis Ventures, Inc. with respect to matters in which they were engaged and for the specific scope of their engagement. Defendants deny the remaining allegations contained in paragraph 61 in accordance with responses to prior paragraphs above.

62.     Defendants admit that they owed a duty of reasonable care to Mirabilis Ventures, Inc. with respect to matters in which they were engaged and for the specific scope of their engagement. Defendants expressly deny that any information supplied or representations made to Mirabilis were not true and accurate and demand strict proof thereof.   Defendants deny the remainder of the allegations contained in paragraph 62 and demand strict proof thereof.

63.     Defendants deny the allegations contained in paragraph 63 and demand strict proof thereof.

64.     Defendants deny the allegations contained in paragraph 64 and demand strict proof thereof.

65.     Defendants deny the allegations contained in paragraph 65 and demand strict proof thereof.

66.     Defendants deny the allegations contained in paragraph 66 and demand strict proof thereof.

**Count II - Breach of Fiduciary Duty (All Defendants)**

67.     Defendants repeat and reallege each and every allegation set forth in paragraphs 1 though 66 as if specifically set forth herein.

K E L L E R   L A N D S B E R G   P A

ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

68.     Defendants admit that an attorney-client relationship existed with Mirabilis Ventures, Inc. with respect to certain transactions, and possibly with certain other entities for certain matters and for specific engagements on those matters. However, Defendants deny the allegation of unspecified relationships with unidentified "subsidiaries and related companies" without further specificity and demand strict proof thereof. Defendants deny the remaining allegations contained in paragraph 68 and demand strict proof thereof.

69.     Defendants deny the allegations contained in paragraph 69 and demand strict proof thereof.

70.     Defendants deny the allegations contained in paragraph 70 and demand strict proof thereof.

71.     Defendants deny the allegations contained in paragraph 71 and demand strict proof thereof.

**Count III - Negligent Supervision (Against BKR)**

72.     Defendant BKR repeats and realleges each and every allegation set forth in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 29 though 48 as if specifically set forth herein.

73.     Defendant BKR states that it is a Florida Professional Association, not a partnership. Defendant BKR further admits that Defendant BERMAN at times represented Frank Amodeo and that BERMAN served as general counsel for MVI for a period of time during late 2005 and 2006. Defendant BKR denies all other allegations of paragraph 73 of the Fourth Amended Complaint and demands strict proof thereof.

74.     Defendant BKR admits that Defendant WILDERMUTH represented Frank Amodeo and MVI at various times, but denies the remaining allegations of paragraph 74 and demands strict proof thereof.

K E L L E R   L A N D S B E R G   P A

ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

75.     Defendant BKR is without personal knowledge as to which companies, if any, Presidion and PSI owned. Defendant BKR denies that remaining allegations contained in paragraph 75 and demands strict proof thereof.

76.     Defendant BKR denies the allegations contained in paragraph 76 and demands strict proof thereof.

77.     Defendant BKR denies the allegations contained in paragraph 77 and demands strict proof thereof.

78.     Defendant BKR denies the allegations contained in paragraph 78 and demands strict proof thereof.

79.     Defendant BKR denies the allegations contained in paragraph 79 and demands strict proof thereof.

80.     Defendant BKR denies the allegations contained in paragraph 80 and demands strict proof thereof.

**Count IV - Accounting (All Defendants)**

81.     Defendants repeat and reallege each and every allegation set forth in paragraphs 1 though 80 as if specifically set forth herein.

82.     Defendants admit that the Plaintiff has attempted to allege a claim for equitable accounting but deny the remaining allegations set forth in paragraph 82 and demand strict proof thereof.

83.     Defendants admit that an attorney-client relationship existed with Mirabilis Ventures, Inc. with respect to certain transactions, and possibly with certain other entities for certain matters and for specific engagements on those matters.  However, Defendants deny the allegation of unspecified relationships with unidentified "subsidiaries and related companies" without further

11

specificity and demand strict proof thereof. Defendants deny the remaining allegations contained in paragraph 83 and demand strict proof thereof.

84.    Defendants Berman and BKR deny the allegations contained in paragraph 84, although Defendants Berman and BKR admit that certain monies were placed in Defendant Berman, Kean & Riguera's Trust Account and were disbursed in accordance with client instructions as directed. Defendants Berman and BKR deny they undertook to "manage" the trust funds deposited with Berman, Kean & Riguera by Mirabilis Ventures, Inc. or any related entities or parties, except to disburse those funds in accordance with client directions, and in some cases, corresponding closing statements on various transactions entered into by the Plaintiff, its duly authorized representatives and agents, or related parties. Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 84.

85.    Defendants Berman and BKR admit that Mirabilis has made requests for accounting of the Trust Account deposits, and further allege that they complied with those requests and provided such accountings on prior occasions. Defendants Berman and BKR deny that they "have failed and continue to fail to provide same." Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 85.

86.    Defendants Berman and BKR deny the allegations contained in paragraph 86 and demand strict proof thereof. Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 86.

87.    Defendants Berman and BKR deny the allegations contained in paragraph 87 and demand strict proof thereof. Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 87.

88.    Defendants Berman and BKR deny the allegations contained in paragraph 88 and

12

demand strict proof thereof. Defendant Wildermuth is without personal knowledge as to the allegations contained in paragraph 88.

### Count V - Conversion (BKR)

89.     Defendant BKR repeats and realleges each and every allegation set forth in paragraphs 1 though 88 as if specifically set forth herein.

90.     Defendant BKR admits that Plaintiff has attempted to allege a claim for conversion against it, but denies any conversion on its part or any liability for same.

91.     Defendant BKR denies the allegations contained in paragraph 91 and demands strict proof thereof.

92.     Defendant BKR denies the allegations contained in paragraph 92 and demands strict proof thereof.

93.     Defendant BKR denies the allegations contained in paragraph 93 and demands strict proof thereof.  Defendant BKR admits that Mirabilis has made requests for accounting of the Trust Account deposits, and further alleges that it complied with those requests and provided such accountings and information on various prior occasions.

94.     Defendant BKR denies the allegations contained in paragraph 94 and demands strict proof thereof.

95.     Paragraph 95 requires no response, but Defendant BKR denies holding any escrow funds for Mirabilis.

96.     Defendants deny each and every allegation not specifically admitted and demand strict proof thereof.

### II.     AFFIRMATIVE DEFENSES

1.     As a First Affirmative Defense, Defendants state that Plaintiff's recovery is barred

K E L L E R   L A N D S B E R G   P A
ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

by the imputation defense pursuant to *Seidman & Seidman v. Gee*, 625 So. 2d 1 (Fla. 3d DCA 1982). Specifically, it is undisputed that Frank Amodeo controlled Mirabilis and his admitted criminal actions for which he has been convicted and sentenced are imputed to Mirabilis, thereby precluding it from bringing this action against Defendants.

2.      As a Second Affirmative Defense, Defendants state that Plaintiff's action is barred by the doctrines of judicial estoppel, collateral estoppel, and/or by *res judicata*.

3.      As a Third Affirmative Defense, Defendants state that Plaintiff's claims are barred by the doctrine of *in pari delicto*. *See Turner v. Anderson*, 704 So. 2d 748, 752 (Fla. 4th DCA 1998).

4.      As a Fourth Affirmative Defense, Defendants state that Plaintiff's claims are barred by the doctrine of unclean hands to the extent Plaintiff seeks equitable relief, including but not limited to Plaintiff's claims for disgorgement and an equitable accounting.

5.      As a Fifth Affirmative Defense, Defendants state that at all material times, the Plaintiff, its agents, employees or others acting on its behalf, as well as third parties, including the 50-100 professionals alleged by Frank Amodeo to have advised him and Mirabilis regarding the matters alleged in the Fourth Amended Complaint, were guilty of comparative negligence, and that the actions of Plaintiff and of other third parties not under the control of Defendants were negligent and proximate intervening causal factors in any alleged damages.  According to the allegations of both Amodeo and Mirabilis in other proceedings filed against various third parties and as alleged by Amodeo in the criminal proceedings leading to his conviction, such negligence directly and proximately caused or contributed to the damages alleged.  Based on Plaintiff's own comparative negligence, and/or the negligence of these other third parties, Plaintiff's recovery herein, if any, should be barred or reduced accordingly.  At this time Defendants have insufficient information to know who if any of these parties alleged by Plaintiff and Amodeo in various fora were or may have

KELLER LANDSBERG PA

ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

been negligent or responsible in any degree for the damages alleged. If the evidence in this case supports a claim against the Plaintiff and/or one or more of the third parties, Defendants will request that the court include provision for negligence of the Plaintiff and of third parties on the verdict form as appropriate pursuant to Florida law, regardless of whether they are parties to this or any other suits at the time of trial, so as to properly apportion fault in accordance with Florida law.

6. As a Sixth Affirmative, Defendants state that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff does not allege facts sufficient to establish the elements of its claims.

7. As a Seventh Affirmative Defense, Defendants state that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff has not suffered any damages and is thus missing an essential element of its claims.

8. As an Eighth Affirmative Defense, Defendants state that this action is a product of an unauthorized, bad faith Chapter 11 proceeding, filed with little or no investigation by Plaintiff's attorneys, and should therefore be dismissed.

9. As an Ninth Affirmative Defense, Defendants state that any damages suffered by Plaintiff were the result of intentional criminal misconduct, recklessness, and/or negligence by Plaintiff and/or other third parties, including but not limited to Frank Amodeo, and over whom Defendants had no control.

10. As a Tenth Affirmative Defense, Defendants state that this action is barred by fraud or illegal acts by Plaintiff, its agents, and co-conspirators. Defendants were not aware of the fraudulent and illegal actions taken by Plaintiff, its agents, and co-conspirators and were instead provided with misrepresentations by Plaintiff through its agents and other representatives, including Frank Amodeo.

15

KELLER LANDSBERG PA

ONE FINANCIAL PLAZA, 100 SE THIRD AVENUE, SUITE 1050, FORT LAUDERDALE, FL 33394, 954.761.3550

11.     As an Eleventh Affirmative Defense, Defendants state that this action is barred by the statute of limitations.

12.     As a Twelfth Affirmative Defense, Defendants state that this action is barred by the doctrine of laches.

13.     As a Thirteenth Affirmative Defense, Defendants state that this action is barred because Plaintiff lacks standing to bring this action.

14.     As a Fourteenth Affirmative Defense, Defendants state that this action is barred because it is an unauthorized, *ultra vires* action by Plaintiff.

15.     As a Fifteenth Affirmative Defense, Defendants state that this action is barred by the doctrine of equitable estoppel.

16.     As a Sixteenth Affirmative Defense, Defendants state that Plaintiff fails to state a cause of action because the memoranda upon which Plaintiff alleges it relied on and which form the basis for its causes of action were not addressed to Plaintiff.  Further, the information contained in the memoranda provided was correct and thus cannot serve as valid grounds for Plaintiff's action.

17.     As a Seventeenth Affirmative Defense, Defendants state that Plaintiff and Amodeo have asserted claims for negligence against other professionals and therefore Defendants are only responsible for their share, if any, of liability among all of the professionals which Plaintiff and Amodeo have alleged approved or condoned the actions of Mirabilis and Amodeo in connection with the matters alleged in the Fourth Amended Complaint, and Plaintiff's claims should be barred or reduced accordingly.

18.     As an Eighteenth Affirmative Defense, Defendants state that a corporation cannot sue an officer or director of the corporation because the officer/director is entitled to contractual and/or statutory indemnification from the corporation. *See Turkey Creek Master Owners Ass'n v. Hope*, 766

16

So. 2d 1245 (Fla. 1st DCA 2000); §607.0850, Fla. Stat.[1] See also NRS 78.7502; *Bedore v. Familian,*
125 P.3d 1168, 1173-74 (Nev. 2006).

19.     As a Nineteenth Affirmative Defense, Defendants state that they are entitled as a
matter of law to indemnification from Plaintiff for any and all damages resulting from this lawsuit
based on the language in paragraph 10.(b) of Defendant Berman's Employment Agreement as well
as the language in Mirabilis's Articles of Incorporation, specifically Article VII which provides for
indemnification to directors of Mirabilis.

20.     As a Twentieth Affirmative Defense, Defendants state that Plaintiff is unable to state
a cause of action against them because they relied on Mirabilis's employees, including but not
limited to Mirabilis's accounting and financial professionals and law enforcement personnel, as well
as an ongoing and ultimately completed certified audit of Mirabilis, in rendering their advice and
thus cannot be held liable for any inaccurate or misleading information that they were provided and
which formed the basis for their representation.

21.     As a Twenty-First Affirmative Defense, Defendants state that Plaintiff was itself an
active tortfeasor, and was also Defendant Berman's employer, and thus Plaintiff is precluded from
seeking damages from Defendant Berman for any alleged acts, errors  or omissions occurring while
acting in the course and scope of his employment with Plaintiff.

22.     As a Twenty-Second Affirmative Defense, Defendants state that as to Plaintiff's claim
for an Accounting, Defendants have provided Plaintiff with the requisite and responsive documents
to its claim for Accounting and accounted for trust account funds handled for and on behalf of

---

[1] Defendants acknowledge that the Florida Fourth District Court of Appeal disagrees with this position and has found
that an officer is not entitled to indemnification from the corporation which has sued him. *See Wendt v. La Costa Beach
Resort Condominium Ass'n, Inc.,*14 So. 3d 1179 (Fla. 4th DCA 2009). The Florida Supreme Court has recognized the
conflict between these cases and granted review in *Wendt. See Wendt v. La Costa Beach Resort Condominium Ass'n,
Inc.,* 26 So. 3d 582 (Fla. 2010).

K E L L E R   L A N D S B E R G   P A
O N E   F I N A N C I A L   P L A Z A ,   1 0 0   S E   T H I R D   A V E N U E ,   S U I T E   1 0 5 0 ,   F O R T   L A U D E R D A L E ,   F L   3 3 3 9 4 ,   9 5 4 . 7 6 1 . 3 5 5 0

Mirabilis.

23.    As a Twenty-Third Affirmative Defense, Defendants state that they are entitled to set off for monies received or to be received from auditing firm James Moore & Co. in a recent settlement and any others who may settle in future or others who have settled in the past.

**Demand for Jury Trial**

Defendants demand a trial by jury on all issues so triable as of right.

WHEREFORE, Defendants demand dismissal of this action with prejudice, costs, attorneys fees, and such other and further relief as the Court deems just and proper.

WE HEREBY CERTIFY that a copy of the foregoing has been furnished via Electronic Transmission on **June 7th, 2010** to: **Roy S. Kobert, Esq.**, Broad and Cassel, Counsel for Plaintiff, 390 North Orange Avenue, Suite 1400, Orlando, FL 32801, Telephone: (407) 839-4200; Facsimile: (407) 425-8377, Email: rkobert@broadandcassel.com; and **Robert C. Widman, Esq.**, Morris & Widman, P.A., 245 Tamiami Trail North, Suite E, Venice, FL 34285; Telephone: (941) 484-0646; Facsimile: (941) 496-8870, Email: widmor48@mwk-law.com.

> KELLER LANDSBERG PA
> Trial Counsel for Defendants
> One Financial Plaza, Suite 1050
> 100 Southeast Third Avenue
> Fort Lauderdale, FL 33394
> Telephone: (954) 761-3550
> Facsimile: (954) 525-2134
> Email: david.keller@kellerlandsberg.com
>
> By:   /s/ D. David Keller
>         D. David Keller
>         Fla. Bar No.: 288799
>
> and
>
> Bradley M. Saxton, Esq.
> Winderweedle, Haines, Ward & Woodman, P.A.
> Co-counsel for Defendants

18

Post Office Box 1391
Orlando, FL 32802-1391
Telephone:  (407) 423-4246
Facsimile: (407) 423-7014
Email: bsaxton@whww.com
Fla. Bar No.: 855995

K E L L E R   L A N D S B E R G   P A

O N E   F I N A N C I A L   P L A Z A ,   1 0 0   S E   T H I R D   A V E N U E ,   S U I T E   1 0 5 0 ,   F O R T   L A U D E R D A L E ,   F L   3 3 3 9 4 ,   9 5 4 . 7 6 1 . 3 5 5 0