UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In Re: MIRABILIS VENTURES, INC., | Bankruptcy Case No. 6:08-bk-4327-KSJ |
| | Adv. Pro. No.  6:08-ap-222-KSJ |
| Debtor _____/ | |
| MIRABILIS VENTURES, INC. | Case No.: 6:09-cv-175-Orl-31DAB |
| Plaintiff, | |
| v. | |
| RICHARD E. BERMAN, BERMAN, KEAN & RIGUERA, P.A., ELENA WILDERMUTH, | |
| Defendants. _____/ | |

**DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. §1927 AND THE COURT'S INHERENT POWER AND MEMORANDUM OF LAW IN SUPPORT**

Defendants, RICHARD E. BERMAN, BERMAN, KEAN & RIGUERA, P.A. and ELENA WILDERMUTH, file this Motion for Sanctions Pursuant to 28 U.S.C. §1927 and the Court's Inherent Power, and state:

**Motion for Sanctions Pursuant to 28 U.S.C. §1927 and the Court's Inherent Power**

Defendants move for sanctions pursuant to 28 U.S.C. §1927 and the Court's inherent power.  *See Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (Court may impose sanctions under its inherent power even if other procedural rules sanction same conduct, citing *Glatter v. Mroz* (*In re Mroz*) 65 F.3d 1567, 1575 (11th Cir. 1995).  The failure of Mirabilis and its Counsel to dismiss the Fourth Amended Complaint in the face of legal defenses barring the claims asserted is itself sufficient grounds to impose sanctions pursuant to the Rule 11 Motion served June 25, 2010, and filed January 7, 2011 [D.E. 104].  But Mirabilis did not stop there.  When

1

Defendants filed their Motion for Summary Judgment based on the same legal defenses outlined in the Rule 11 Motion, Mirabilis responded to the imputation and *in pari delicto* defenses by arguing – incredibly – that Amodeo did not control Mirabilis [D.E. 88, pp. 1-2, 6-8]. Defendants responded to this falsehood in their Reply Memorandum [D.E. 102, pp. 3-8].

Defendants' Motion for Sanctions served June 25, 2010 was not the first time counsel informed Mirabilis that its claims were legally barred based on the criminal conduct of Amodeo and the company he controlled. Nearly two years ago, at the first status conference before the case was withdrawn to this court from the Bankruptcy Court, Defendants noted on the record the legal bar of *in pari delicto*, based on the criminal conduct of Amodeo, who had already pled guilty, and Mirabilis, which was then under indictment. (*See* February 19, 2009 transcript, attached as Exhibit A, pp. 8-12).[1] The record of this case, the related criminal cases against both Mirabilis and Amodeo, and numerous other cases filed by Mirabilis, establish without question that Amodeo controlled Mirabilis. Indeed, the counsel who filed the Chapter 11 Petition for Mirabilis in May 2008, and who originally filed this case as a related adversary proceeding, has acknowledged that "Mirabilis was controlled by Frank Amodeo." [*See* D.E. 102, p. 3, n. 4].

Mirabilis and its current counsel apparently disagree. But Amodeo's attempt to conceal his ironclad grip on Mirabilis by investing others with apparent "legal authority" to control the affairs of the company he created and financed, the epicenter of his criminal conspiracy, does not

---

[1] Mirabilis was represented at that hearing by the Latham Shuker firm, through its members Jennifer Eden and Elizabeth Green. Latham Shuker continues as counsel for Mirabilis in the Main Bankruptcy Case. Previously, Mirabilis had been represented pre-suit (and before it filed its Chapter 11 Petition) by Michael Maher and Brent Smith of the Maher Law Firm, and by the Searcy Denney Law firm through its members, Christian Searcy and Jack Scarola. Later, Mirabilis was represented by Morris & Widman attorney Robert Widman, along with current counsel of record, Roy Kobert and Todd Norman. The Maher Law Firm and Searcy Denney withdrew as counsel for Mirabilis prior to suit, but continued to represent Frank Amodeo individually in his now dismissed state court suit. All of the counsel who have represented Mirabilis both throughout this litigation, and before it was filed, have been expressly informed about the lack of any legal or factual basis for the claims asserted.

change that fact [*see* D.E. 102, pp. 4-5]. Amodeo expressly admitted his control in his Plea Agreement [*U.S. v. Amodeo*, Case No. 6:08-cr-176, D.E. 38, pp. 27, 30-35]. And at least nine senior officers of the company repeatedly testified under oath to his absolute domination of the company.[2] Only Mirabilis' current President (and its counsel) dispute this fundamental truth. But R.W. Cuthill, who alone contends Amodeo did not control the company, was not there when, according to one individual identified by Mirabilis as an "innocent decisionmaker," [D.E. 88, pp. 9-10], Amodeo was serving as the company's "Grand Puba" (sic). (*See* deposition of Yaniv Amar, D.E. 102, Ex. 6, p. 466).[3] And he was not there when Edith Curry, director and Secretary/Treasurer of Mirabilis, the other individual identified by Mirabilis as an "innocent decisionmaker" was there, and "observed that Amodeo asserted exclusive and personal control over the day-to-day affairs of Mirabilis." *Mirabilis Ventures, Inc. v. Palaxar Holdings, LLC, et al.*, Case No. 6:07-cv-01788, D.E. 41-7, ¶¶ 4,7 (the "*Palaxar* case"). These are just two of countless examples of sworn testimony that Amodeo controlled Mirabilis. *See* Defendants' Reply Memorandum, D.E. 102, pp. 5-7, 8 at n. 18, and Motion to Exclude, D.E. 100, pp. 4-7.

## MEMORANDUM OF LAW

When an attorney or party multiplies proceedings unreasonably and vexatiously, when the conduct amounts to "bad faith," sanctions are appropriate under 28 U.S.C. §1927. *See Peer v. Lewis*, 606 F.3d 1306, 1313-1315 (11th Cir. 2010); *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 - 1239 (11th Cir. 2007) (citing *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th

---

[2] In addition to the eight cited in Defendants' Reply Memorandum, and Motion to Exclude [D.E. 102, 100], Frank Hailstones, President, CEO and Director, also attested to Amodeo's control in *Palaxar*, as noted below.

[3] According to Merriam-Webster, a "Pooh-Bah" is "a person in high position or of great influence." The term originated from Gilbert & Sullivan's 1885 Opera, *The Mikado*, where Pooh-Bah bore the title "Lord-High-Everything-Else." *See*: http://www.merriam-webster.com/dictionary/poo-bah.
Amar's vivid description of Amodeo was dead on.

Cir. 1991)) and *Schwartz v. Millon Air, Inc*. 341 F.3d 1220, 1225 (11th Cir. 2003). Litigating Amodeo's control of Mirabilis is the essence of bad faith conduct. Mirabilis and its counsel knew about the sworn deposition testimony of Daniel Myers, James Sadrianna, Yaniv Amar, Martin Flynn, Edith Curry and Laurie Holtz before filing their Response to Defendants' Motion for Summary Judgment [D.E. 88].  They were on notice of the Affidavits of Jody Jaiman and Jay Stollenwerk submitted in the Mirabilis Bankruptcy case [Defendants' Reply, D.E. 102, pp. 5-7]. They knew that in the *Palaxar* case, the Court carefully examined substantial record evidence, concluding: "Amodeo was, at times, the Chairman, Sole Director, and Shareholder of Mirabilis. Amodeo frequently appointed and replaced Mirabilis officers and directors and exercised tight control over the affairs of . . . Mirabilis."  They knew that Frank Hailstones, President and CEO of Mirabilis from January 2, 2006 through December 31, 2006, and a director from January 26, 2006 through January 31, 2007, testified that Amodeo "attended and directed the actions of most of the board meetings, appointed and replaced officers at his pleasure, and made all significant financial and administrative decisions for Mirabilis" [Case No. 6:07-cv-1788, D.E. 285, p. 2-3].[4] Finally, they knew of Amodeo's Plea Agreement, where he outlined in detail his control of Mirabilis, and his sworn acknowledgment of those facts at his Change of Plea Hearing on September 23, 2008 [D.E. 80, Exhibit A].

But Mirabilis forged ahead anyway. Relying on Cuthill, who did not have personal knowledge.  Stubbornly ignoring overwhelming evidence from those who did.  Its attempt to

---

[4] Mirabilis' later agreement to voluntarily dismiss its case against the *Palaxar* Defendants with prejudice in consideration of the Court's vacating the Summary Judgment Order did not change the fundamental facts underlying that Order, or – more importantly –  any of the testimony on which it was based.

4

obfuscate the issue, to distinguish technical legal control[5] from Amodeo's financial and actual control of every aspect of the company, is contrived, and legally incorrect. *See* Defendants' Reply, D.E. 102, pp. 4-5. Given the record evidence in this and other Mirabilis cases, the position that Amodeo did not control Mirabilis, especially given Cuthill's own admission of being told about possible manipulation of the corporate records on which he relied, is plainly frivolous. Advancing it satisfies the required objective standard of bad faith, even if counsel did not act "knowingly and malevolently." *Amlong & Amlong, P.A. v. Denny's*, 500 F.3d at 1241; *Schwartz v. Millon Air*, Inc., 341 F.3d at 1225. "When it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." *Avirgan v. Hull*, 932 F.2d at 1582 (quoting *Collins v. Walden*, 834 F.2d 961, 965 (11th Cir. 1987)); *see also Norelus v. Denny's, Inc.*, 2010 WL 5298847 *14 (11th Cir. Dec. 28, 2010). Mirabilis and its counsel failed in this duty.

"Attorneys are charged with knowing more about their case, about their client's various stories, about the contradictions in their client's testimony, <u>and about the testimony of all the potential witnesses</u> than a busy district court judge with a heavy docket can be expected to know." *Id.* at *15 (emphasis supplied). They should not, as Mirabilis and its counsel did here, "relentlessly" pursue claims while blinding "themselves to as much of the contradictory evidence as they could" or "stubbornly ignore" the truth. *Id.* at *10. The continued pursuit of this case following service of Defendants' Motion for Summary Judgment, especially by advancing the

---

[5] In fact, Cuthill has acknowledged, despite his Affidavit asserting that the Mirabilis corporate records "indicate on their face that they were made by someone with personal knowledge," being "told that the board minutes may have been doctored. And -- in other words, maybe there were subsequent board minutes written and substituted for previous board minutes. Surprise, surprise." *See* Mirabilis Response, D.E. 88, Exhibit 1, filed as D.E. 89, ¶¶ 4-8, and Cuthill deposition, p. 233, from *Mirabilis v. Rachlin Cohen et al.*, excerpt attached as Exhibit B.

frivolous claim that Amodeo did not control Mirabilis, is exactly the kind of conduct recently condemned by the Eleventh Circuit in affirming sanctions under 28 U.S.C. §1927, in *Norelus v. Denny's, Inc.*, 2010 WL 5298847 *10, 14-15, 30 (11th Cir. Dec. 28, 2010). This Court should do likewise.  As this Court already concluded in one Mirabilis case, "Enough is enough."[6]

## CONCLUSION AND REQUEST FOR RELIEF

Defendants request the Court enter an Order granting this Motion for Sanctions pursuant to 28 U.S.C. §1927 and the Court's inherent power, reserve jurisdiction to determine the nature and extent of same, and for such other relief as the Court deems proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE
## PURSUANT TO LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he has conferred with Todd Norman, counsel for Plaintiff, and counsel have been unable to agree on a resolution of this Motion, or any relief relating to the position of Mirabilis regarding the matters it raises.

*s/ D. David Keller*
D. David Keller
Florida Bar No.  288799
KELLER LANDSBERG PA
Counsel for Defendants
Broward Financial Centre, Suite 1400
500 East Broward Boulevard
Fort Lauderdale, Florida 33394
Telephone: (954) 761-3550
Facsimile: (954) 525-2134
Email: david.keller@kellerlandsberg.com

---

[6] *Mirabilis v. Saxon Gilmore, et al*., Case No. 6:09-cv-01974, D.E. 33, p. 11.

## CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that a copy of the foregoing has been furnished via Electronic Transmission on January 10, 2011 to: **Todd K. Norman** and **Roy S. Kobert, Esq.**, Broad and Cassel, Counsel for Plaintiff, 390 North Orange Avenue, Suite 1400, Orlando, FL 32801, Telephone: (407) 839-4200; Facsimile: (407) 425-8377, Email: rkobert@broadandcassel.com, tnorman@broadandcassel.com; and Bradley M. Saxton, Esq., Winderweedle, Haines, Ward & Woodman, P.A., Co-Counsel for Defendants, P.O. Box 1391, Orlando, FL  32802-1391, Telephone: (407) 423-4246; Facsimile: (407) 423-7014, Email: bsaxton@whww.com.

                                             By: *s/ D. David Keller*
                                                  D. David Keller

Keller Landsberg PA
Broward Financial Centre, 500 E. Broward Boulevard, Suite 1400, Fort Lauderdale, FL  33394