**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE: MIRABILIS VENTURES, INC.,
Bankruptcy Case No. 6:08-Bk-4327-KSJ
Adversary Case No. 6:08-Ap-222-KSJ

---

**MIRABILIS VENTURES, INC.,**

                **Plaintiff,**

-vs-                                           **Case No. 6:09-cv-175-Orl-31DAB**

**RICHARD E. BERMAN, BERMAN, KEAN
& RIGUERA, P.A., ELENA
WILDERMUTH,**

                **Defendants.**

---

## ORDER

This matter comes before the Court on the Motion for Summary Judgment (Doc. 80) filed by the Defendants. For the reasons expressed in this Court's recent order denying a similar motion for summary judgment in *Mirabilis Ventures, Inc. v. Rachlin, Cohen & Holtz, LLP*, Case No. 6:09-cv-271 (the "*Rachlin* case"), the Court finds that summary judgment cannot be granted on this record. *See* Doc. 105 in the *Rachlin* case.

The Defendants here do raise one argument not raised in the *Rachlin* case which requires discussion. Based on the case of *Steele v. Kehoe*, 747 So. 2d 931 (Fla. 1999), the Defendants argue that a party convicted of a crime must be exonerated before it may sue its attorney for legal malpractice. (Doc. 80 at 8). *Steele* involved a malpractice claim by a convicted criminal against

his criminal defense attorney for alleged malpractice during the criminal proceedings.[1]  The Defendants have not shown that Florida courts have ever applied the *Steele* rule where the malpractice claim was made against a civil attorney.  In addition, the *Steele* court listed the following policy considerations as supporting its imposition of the exoneration requirement:

> (1) without obtaining relief from the conviction or sentence, the criminal defendant's own actions must be presumed to be the proximate cause of the injury; (2) monetary remedies are inadequate to redress the harm to incarcerated criminal defendants; (3) appellate, postconviction, and habeas corpus remedies are available to address ineffective assistance of counsel; (4) requiring appellate or postconviction relief prerequisite to a malpractice claim will preserve judicial economy by avoiding the relitigation of supposedly settled matters; and (5) relief from the conviction or sentence provides a bright line for determining when the statute of limitations runs on malpractice action.

*Id.* at 933.  The second, third, and fifth considerations are clearly not applicable here.  Mirabilis cannot be incarcerated, the company cannot proceed via appellate or habeas corpus proceedings against the Defendants, and any malpractice claim against the Defendants obviously accrued well before Mirabilis's conviction.  In addition, where the legal advice at issue occurred before the Plaintiff's conduct and (allegedly) resulted in the conviction of a corporation, it is not so clear that "[the corporation's] own actions must be presumed to be the proximate cause of the injury."  Finally, the issue of the Defendants' legal advice to the Plaintiff corporation, and whether that

---

[1] Specifically, Steele asserted that his defense attorney missed the deadline for filing a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  *Id.* at 932.

advice did (or legally could) result in a conviction of the Plaintiff, has not previously been litigated.  Barring this suit would not avoid relitigation of supposedly settled matters.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 80) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 1, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party