**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: MIRABILIS VENTURES, INC.,**
Bankruptcy Case No. 6:08-Bk-4327-KSJ
Adversary Case No. 6:08-Ap-222-KSJ

**MIRABILIS VENTURES, INC.,**

          **Plaintiff,**

-vs-                                                             Case No. 6:09-cv-175-Orl-31DAB

**RICHARD E. BERMAN, BERMAN, KEAN**
**& RIGUERA, P.A., ELENA**
**WILDERMUTH,**

          **Defendants.**

## ORDER

       This matter comes before the Court on the Notice of Settlement and Motion to Stay (Doc. 134) filed by the Plaintiff, Mirabilis Ventures, Inc. ("Mirabilis"), and Defendants Richard E. Berman ("Berman") and the firm of Berman, Kean & Riguera, P.A. ("BKR"), as well as the Plaintiff's Motion for Voluntary Dismissal as to Defendant Elena Wildermuth ("Wildermuth") (Doc. 133).  Wildermuth has filed an objection (Doc. 135) to the Plaintiff's effort to dismiss the claims against her without prejudice, arguing that the dismissal should instead be done with prejudice.

       The Plaintiff, Berman and BKR (henceforth, the "Settling Parties") assert that they have settled their claims and seek to have the case stayed while they (1) finalize a written settlement agreement and (2) gain required approvals from the Internal Revenue Service and the United

States Attorney. The Settling Parties have not offered an estimate as to when these approvals might be provided. Rather than staying these proceedings indefinitely, the Court will enter a 60-day stay. The Settling Parties may seek an extension if such proves necessary.

The Plaintiff offers no explanation for the decision to seek dismissal without prejudice, stating only that it believes dismissal with prejudice "is not warranted". For her part, Wildermuth requests dismissal with prejudice based on "all the reasons set forth" in her motion for sanctions (Doc. 104), which this Court previously denied.

Federal Rule of Civil Procedure 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The basic purpose of Rule 41(a)(2) is to "freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 605 (5th Cir. 1976).[1] The granting of a Rule 41(a)(2) dismissal, and any conditions attached to such a dismissal, are matters within the court's discretion. *Ortega Trujillo v. Banco Central Del Ecuador*, 379 F.3d 1298, 1301 (11th Cir. 2004).

Neither side has advanced much of an argument regarding dismissal. The Plaintiff offers no justification at all for dismissal without prejudice, and the arguments Wildermuth attempts to rely on do not demonstrate that she will suffer any sort of prejudice as a result of a dismissal without prejudice. Nonetheless, to avoid duplicative litigation,[2] the Court will grant the voluntary

---

[1] All decisions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent on courts within the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[2] *See Versa Products, Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1328 (11th Cir. 2004).

dismissal without prejudice on the condition that, should it choose to refile any of these claims against Wildermuth, the Plaintiff must pay the fees and costs that she incurred in defending this action.

In consideration of the foregoing, it is hereby

**ORDERED** that the Notice of Settlement and Motion to Stay (Doc. 134) is **GRANTED**. This action is hereby **STAYED** until July 11, 2011 pending approval of the settlement by the IRS and the United States Attorney.  And it is further

**ORDERED** that the Motion for Voluntary Dismissal as to Defendant Elena Wildermuth (Doc. 133) is **GRANTED**.  The remaining claims asserted against Defendant Wildermuth are **DISMISSED WITHOUT PREJUDICE**.  If the Plaintiff chooses to refile these claims, it shall first pay Wildermuth the fees and costs she incurred in defending this case.  And it is further

**ORDERED** that all other pending motions are **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 11, 2011.

     _____
     GREGORY A. PRESNELL
     UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party